OPINION of the Court, by
Judge Owsuét,
The appellees brought this ejectment in the court below to recover the possession oí a tract ol land devised to them and their deceased, brother Rowland Hoy by their fa^ ⅛0). William Hoy,
The demise laid in the declaration is a joint one by all tlie lessors, and on the trial, the appellants, who were defendants in the court below, moved the court to instruct the jurytfo find as in case of a nonsuit, on the ground of a variance between the evidence and the title as ]ajd ⅛ the declaration ; but their motion was over-ruicd, a|1.d after the finding of a verdict in favor of the appellees, judgment was rendered against the appellants,
The will of William Hoy no doubt passed an estate in common, and not a joint tenancy, to the devisees ; and as such, according to the repeated decisions of this court, the appellees, who are the lessors of the plaintiff in the court below, could not regularly upon a joint demise recover their proportions claimed under the will,
But the lessors are proved 1o lie the brothers and sis-tei's of Rowland Hoy, one of the devisees in the will ; at,d as Rowland is also proved to have died after the decease of his father, and without issue, his estate derive(j un({er the will, upon his decease, as was held in the case of Doe, on the demise of Harrison, &c. vs. Botts, &c. (ante 420) descended upon the lessors in coparcenary; aml to recover tlic possession of that interest, a joint de-m*sc is certainly proper. The lessors, therefore, as to the part devised to Rowland, proved a title in perfect accordance to that laid in the declaration ; and eonse-qUenfjy the court below decided correctly in refusing to give the instructions asked by the appellants,
But it is moreover assigned for error, that the judgment, as it is for the entire tract, and not for the interest of Rowland only, ought to be reversed.
The judgment is in strict conformity with the finding of the jury, and ifthat is for more than the evidence au-thorised, the appellants ought to have applied to the court below for a new trial; but as they appear not to have done so, they must be supposed to have waived all objections to the verdict, and this court should not on that ground interpose and award a new trial.
Judgment affirmed, with costs,