Judge Mills
delivered the opinion.
This is a motion made in the court below to quash an execution and return, for sundry legal exceptions thereto, and also to set aside a sale of laud made by virtue thereof, on account of fraud and collusion between one of the plaintiffs in ¡be execution and the pbrebasef, and also between the sheriff and purchaser. The court below being of opinion that the fraud and covin was proved sufficiently, sustained the motion, only so far as to annul the sale. To this decision an exception was taken, asid an appeal prayed by tbe plaintiffs in the execution.
toInu"sh°'n execution ”& set aside the ed tfernf8 tier, the'purchaser of the lands must ea pjriy.
Bibb for appellants, Hardin for appellee.
Were we permitted, as the court belosv has done, to travel into the evidence and decide on the merits, we should have no great difficult}’ in concurring with that court in saving, that the impropriety, used in selling the estate, was great enough to vitiate the safe. And we cannot help re* greltiog that vve are arrested in the threshold from travel- ‘°*° ^,e case on *!s an ass’giiment of error* Questioning the notice, because the purchaser himself is riot made a party to the notice, by either service or appearance> ^ case one reached the execution only, an(l ^ ^een quashed; or were the reasons urged against the sale such as to vitiate it, at common law, as was the case 0f January against Bradford, 4 Bibb, 568, We should fee! disposed, as in that case, to get over the exception. But when it is considered that the motion is made under an act of assembly, which will be found in 4 Lilt. 277, and that the statute requires notice to all the parties concerned in interest, and that tbe main object of the motion is to strip the purchaser of the pretended title which he acquired, and that his interest cannot be affected, unless he is made a party, we must decide that the exception is fatal. True, it is proved that the purchaser was clerk of the court from which the execution issued, and in which the motion was tnade. And it also appears that he attested copies of the grounds of the motion and summons; yet as be might have done this by deputy, and not have been present; and if present, the plaintiff in the motion did not choose to recog-nise him as a party, and allow him to be heard, the objection to the proceedings is not thereby cured,
The decision of the court below must therefore be reversed with costs, and the cause remanded, with directions to that, court to quash the notice with costs.
On the rendition of this opinion, the counsel for the ap-pellee presented the following petition for a rehearing:
The appellee respectfully applies to the court of appeals and petitions for a rehearing of the case, upon the following points, add for the reasons subjoined, viz:
First. It appears from the reasoning of the court, that notice to Thomas Triplett, the purchaser of the land in . question, either by the execution of process, or the appearance of the party, Would have been conclusively inferred and the judgment affirmed: Or even if it Were certain, that the groUfds of the motion, and the process against the *155 parties thereto, had, in fact, been subscribed by the clerk, Thomas Triplett, (who was the purchaser of the land) ⅛ proper person, leaving no room to infer that his name was set to those papers by his deputy, it would be sufficient evidence of notice, and equally authorised an affirmance of the judgment. These positions are deemed correct; and to say nothing of an actual personal appearance on the part of Thomas Triplett, and on active defence of the motion, as that does not appear in the record, although the real fact, yet it is respectfully conceived that enough is shewn to au-thorise the inference and conclusion that he had notice of the motion, and notice is all that the law, or the reasoning of the court, requires. Now it does appear in the record, that Thomas Triplett, the purchaser of the land, was Thomas Triplett, the clerk of the court in which the motion was made, and whence the process issued — and to this process is subscribed the name of Thomas Triplett, the clerk of the court. The first, fair, and direct inference, therefore is, that, the name of Thomas Triplett, to that process, was written by Thomas Triplett in person; as well, because identity of name implies identity of person; as because, had it been done by deputy, it should have so appeared, which it does not. The court have suggested, that the process might have issued in the absence of Thomas Trip-lett, the clerk, and been signed with his name by the deputy. The court will doubtless indulge the enquiry, how it came by the idea that Thomas Triplett, clerk of Bath circuit court, had a deputy? The law permits, but does not enjoin, the employment of a deputy. There Is, then, no legal ground on which to predicate the fact, that Thomas Triplett had a deputy. He might not have business for one — he might not clwase to incur the expense of keeping one. Had the law made it indispensable for each clerk, at all times, to keep a deputy, then it might have been inferred that the clerk of Bath had a deputy — but there is no such law’, and no such legal inference exists, flow, then, let it be asked, came this honorable court by the knowledge that Thomas Triplett had a deputy? The record, it is believed, does not furnish evidence of the fact. If so, it w ill be perceived that the court have looked out of the record for a fact of much importance in this case, or else made a gratuitous supposition, first, that Thomas Triplett had a deputy; and next, that the name of Thomas Triplett was underwritten to the process by deputy, when it does not so *156 appear. This is much to be regretted, especially as the ooustquente is, a reversal of a judgment as righteous and as correct as ever was pronounce^; and as vile a fraud as evr er was practised, so tar sanctioned, to the great injury of the party whose land was thereby sacrificed, to the value of $35,01)0, for less than $12 — on an execution for less than $14., Yet nothing is intended to impugn the decision of usis hoo. court, as ip the law of the case; but it is hoped that by thus reviewing the matter of notice to Thomas Triplett, it will be discerned by the court, that a much more circumscribed indulgence of implication will place the fact, of his having notice, satisfactorily within the embrace of the court. As thus — Thomas 'Iriplett was the clerk of the court, iu which the motion to quash, was made; bis official signature is to the process — he therefore issued the process, and hence had notice of its contents. The process does not appear to have been issued by deputy— and therefore no inference can be indulged that it was issued by deputy. But it was issued in the name of Thomas Triplett — therefore he issued it. These inferences place the fact of notice to Thomas Triplett clearly before the court, and'enable them to lay hold on it. Now, notice to Triplett is all that was wanted to affirm the judgment:— For if he had notice, he defended, or not, at his own option. He did, in fact, defend. But this, it may be said, does not appear to the court. But the court have said- — it does appear, he was the clerk of the court, and the purchaser. That he was the clerk of the court, authorises the inference, that he was present in court when the motion to quash was originally made — because his duty required bim to be in court; and as a public officer, it is fair, and even necessary, to infer that he was doing his duty, until the contrary appear. Being in court, and attending to his duty, he could but have notice. And this might be the reason why he was not made a party to the process For, as to him, it was nseless — a notice was ali the law required; and his alicatar lion would evince that he had notice. On this point it is hoped the court will indulge one chore argument, in corroboration of the implied notice, resulting from the record. It is this — the trial in open court presented Thomas Triplet!, the clerk of the court, as the purchaser of the land in question; it is to be presumed he was not an indifferent spectator, is it not to be presumed that he appeared actually, in defepee of his own personal conduct publicly ac- *157 r&igned? Is it not to be presumed, that the judge would not nave rendered a judgment so materially affecting him without cotice? The judge must be presumed to know the law, and what it required. The judgment is evidence that Triplett defended in open court. And this is the more certainly to be inferred, as no process had been formally executed, from which notice was to be inferred. His open appearance in court, or his attestation of process, or both, for both concurred, must have satisfied the judge. In fact, the whole error in this case consists in the omission to state, in'he bill of exceptions, “that Triplett appeared to the motion,” and actually opposed it. This was the fact. 'The court is therefore asked, under the circumstances of this case, so to modify their decision, that if the judge below will certify the appearance of Thomas Triplett to the motion, that the judgment do stand affirmed. This much has been said as to the fraud and covin.
Second. This court has suggested, that w’ere the reasons urged against the sale such as would vitiate it at common law, the want of notice to Triplett might be dispensed with. &c.
Now, it ¡3 respectfully conceived, that three points are clearly made in the case, of a nature purely legal, each of itself sufficient to set aside the proceedings on the execution, and affirm the judgment:
1st. That the whole right and interest of Thos. A. Marshall had been bona fide compromised and sold to the persons in possession, before the execution issued, or there tvas even a judgment for the costs.
2d. That the tract of land taken and sold by the execution, did not lie within the county of Bath, but the greater part lay in the county of Montgomery; and
3d. That ¡'bos. A. Marshall, nor any person from whom he derived title, had ever made entry into, or been possess-cd of, the land, although the patent for it was more than 30 years old, and there had been an adverse possession for more than 20 years.
And it is now' prayed that these points may be reconsidered by this hon. court, and that they have their due effect upon the case
In the case of Bradford and January, referred to by the opinion of the court, it is in substance held, that if the sheriff sell that winch is not hable to execution, the sale Stay be set aside without notice to the purchaser. Now, *158 on the two last points made above, it is contended that the s^enff solo what he was not authorised by law to sell,
HARDIN for appellee.
The court took the case under advisement, but ata subsequent day of the term overruled the petition.