-Opinion op the Court.'
THIS is an ejectment on the separate demise of John Fristoe for one third, and for the residue, on that of Alexander Henderson and John Linton, surviving trus-' tees of the estate of Richard Graham, deceased. On the trial of the general issue, the lessors of the plaintiff gave in evidence a patent to John Fristoe for one third, and Richard Graham for the remaining two thirds. They next introduced a copy of the will of Richard Graham, recorded in Prince William county, Virginia, which authorised his executors to sell his lands in Kentucky, to pay his debts and raise legacies, and appointed his three sons and two others his executors. Twp . of his sons only qualified as his executors, and took upon themselves the execution of the will. They next introduced a deed from these two executors to Alexander Henderson, John Linton and Richard Brent,* coil- *235 the estate to them in trust, for the purpose ofbe-i-n|$sbid to raise a finad to discharge the debts of the (estator; and proved that the last named' o f these trustees w as "dead, at the date' of the demise- laid in the declaration» The counsel for the defendant below then moved the court to instruct the jury, that the said title papers, without the decree mentioned in th e-deed, and referred to thereby, conveyed no title to the said trustees; and if any, that it vested the title in the trustees and their heirs, and not in the two surviving lessors. The court instructed the jury, that they did vest title in the-three trustees and their heirs, and not in the two as survivors; but refused to instruct, that without the decrees referred' to in the said deed, it conveyed no title to the lessors of the plaintiff, as asked by the defendant’s counsel. The jury found.the defendant below guilty as to seven-ninths of the land, on which judgment was rendered; to reverse, which, the defendant below has prosecuted-this writ of error, relying solely on the incorrectness of the foregoing distinction.
The recital in the deed- referred to in the foregoing instruction,.is to this effect: “ That said'executors had-, in pursuance of a decree of the court of chancery in Virginia, conveyed, first by deed, all the lands they were entitled to, or held under the said will, as subject to the payment of the debts of the testator, to Richard Brent, Alexander Henderson and Thomas Lee, in trust, for the benefit of the creditors of the decedent; and that by- a decretal- order of the superior court of chancery for the district of Richmond, the said- deed, so far as it respected Thomas Lee, was vacated and' annulled and the same executors ordered to execute a proper deed, to vest the title and-powers theretofore in Thomas Lee, in John Gibson; that by another deeretaborder, of a subsequent date, John Linton was appointed trustee in the room of John Gibson, deceased.”- This deed then proceeds to convey, in consideration of the premises; and'the further consideration of five- shillings paid by the trustees.
As the deed expressed an additional-consideration, to th'e directions of the decree, we perceive no ground-for the: first branch of the instruction, as-asked; with.regard to the necessity of producing the,- decrees referred to* Ncpndo.we deem it material, or necessary now to be decided, whether this recital-in the de§d was or was not *236 competent evidence, without the decrees, for any purpose. For if it proved nothing, the other consideration expressed, would sustain the deed, even against a stranger, as the defendant below really was. If it did prove any thing, it must be taken altogether, and prove as much against the lessors as for them, as was decided by this court in the case of Barbour vs. Watts, 2 Marsh. 290. So that whether proof, or not proof, the deed was •supported. The latter branch of the instruction was given by the court, and therefore the plaintiff in error cannot complain on that account.
It is contended by the assignment of errors, that the will was not recorded in this country, and therefore the court ought not to have given the instruction. To this it may be answered, that it was not necessary, to pass title, that it should be recorded here. Such recording only proved its authenticity, and it was not objected to, as inadmissible on that account. Besides, this point is not involved in the instruction asked and refused; for that is based on the absence of the decrees.
It is also contended, that the will did not confer power on apart, but all of the executors, to sell; and that two alone having sold, the title is insufficient. To this it has been well replied, that these two executors, who have conveyed, are both heirs and devisees of their testator, there being two others; and of course their conveyance in the character of executors, would pass the title which they might hold in another capacity, and estop them from asserting it. Aware of this, the counsel in the court below has not relied on it; but hashing-, ed upon the absence of the decrees, impliedly admitting, that if the decrees were there, title passed. But it has been insisted, that if this was the case, the deed would only pass half the title, leaving the other two heirs possessed of the other half, and therefore the verdict of the jury was for too much. To this it is answered, that we cannot tell whether the verdict is, or is not for more than the evidence would warrant; for by the exception taken we are not favored with all the evidence given, and the question made below did not involve this point. If the deed passed any title, the instruction, as asked, ought to have been refused. Besides, the defendant below did not apply to that court to correct the verdict; and without such application, it would be improper in this court to oyerturn it, even *237 if all pie evidence was spread upon the record, and the verdict should appear .more exthnáiv.e than the.evidenee would warrant. If the defendant below, by an appro-priaté motion to instruct, or application for a new 'trial, did not guard himself against such a verdict, he ought not to be redressed here, as was decided By this court in the case of Miller, &c. vs. Hoy &c. 4 Bibb 568.
We perceive no error in the judgment of the .court below, and' it -must be affirmed with costs.