CASE 62—CONSTRUCTION OF DEED—NOVEMBER 15, 1884.

# Henderson, &c., v. Mack.

### APPEAL FROM MERCER CIRCUIT COURT.

1. When the *habendum* is in conflict with the granting words of a deed,· the latter must control.
2. Technical rules of construction are not to be resorted to, when the meaning of the maker of a deed is obvious.
3. Although, as a general rule, the *habendum* must give way to the granting words of a deed, yet it must be resorted to equally with the balance of the instrument, in order to arrive at the intention of the maker.
4. Y. takes a life estate by the deed, with remainder to appellee.

BELL & WILSON FOR APPELLANTS.

It is clear that the words of the *habendum* in the deed to " Y. and his heirs and assigns, forever, with covenant of general warranty," create a fee-simple; but when there is added to the clause quoted, " during his natural life," the clauses are irreconcilable, and the latter should be rejected. (Blackstone, book 2, page 380; Washburn Real Prop., volume 3, pages 436, 437, 439; 40 Vermont, 23; Shep. Touchstone, 102; Conn. Dig., 273; 42 Penn. Stat., 376.)

THOMPSON & ROACH FOR APPELLEES.

The only rational manner of construing the deed is. that since the words " heirs and assigns " are used in the same connection in both clauses, they must have the same meaning in both; and as it is clear that in the last clause they are not used in the sense of conveying a fee-simple estate, so they are not intended to convey a fee-simple in the first. (Spurrier v. Parker, 16 B. Mon., 280; Churchill v. Reama, 8 Bush, 260; Webb v. Homes, 3 B. Mon, 404; 6 Bush, 552.)·

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The only question presented by this appeal is, whether by the deed from J. M. Harris to James E. Young the fee-simple title to the property conveyed by it vested in him or merely a life estate with remainder to the appellee, Belle Mack.

The granting clause of the deed reads as follows, to wit : " Do hereby sell, grant and convey to the party of

the second part, his *heirs and assigns*, the following described property ;" and, save this statement, there is nothing in the premises of the deed bearing upon the question at issue.

The *habendum*, however, reads thus : "To have and to hold the same, with all the appurtenances thereon, to the second party, his heirs and assigns, forever, with covenant of general warranty *during his natural life, and after his death to go to and belong absolutely to Belle Mack*, she paying the unpaid purchase money, as aforesaid."

The general rule is, that while the last clause in a will must prevail, if it conflicts with a preceding one, in the case of a deed the rule is reversed, and in the latter case the first clause must prevail ; and that when the *habendum* is in irreconcilable conflict with the premises or granting words of the deed, the latter must control.

We find no decision of this court which will serve as a precedent in this case ; and while the courts in some of the States adhere strictly to what may perhaps be termed the technical rule above stated, yet this may be by reason of the fact that, where the common law prevails, the word "*heirs*" is essential in a deed to create a fee-simple title in the vendee.

The proper end of all rules of construction is to effect the intention of the parties to the instrument ; and the intention of the grantor in a deed is to govern, when it can be ascertained, equally as in the case of other instruments. In arriving at it the entire paper must be considered.

Blackstone says that the construction must "be made

upon the entire deed, and not merely upon disjointed parts of it."

If clauses are repugnant to each other they must be reconciled if possible; and the intent, and not the words is the principal thing to be regarded.

The technical rules of construction are not to be resorted to when the meaning of the party is plain and obvious. (Noyes & Co. v. Nichols, 28 Vt., 159.)

In Jackson v. Meyers, 3 Johns, 383, Kent, Chief Justice, states the rule in these words: "The intent, when apparent and not repugnant to any rule of law, will control technical terms; for the intent, and not the words, is the essence of every agreement. In the exposition of deeds the construction must be upon the view and comparison of the whole instrument, and with an endeavor to give every part of it meaning and effect."

Applying these rules of construction to the deed in question, we can not escape the conclusion that it was intended by it to create but a life estate in James E. Young, with a remainder right in Belle Mack.

The office of the *habendum* clause in a deed is to limit and define the estate granted, and while, as a general rule, it must give way to the granting words of the deed, when clearly contradictory of them, yet it should certainly be resorted to equally with the balance of the instrument to arrive at the intention of the maker, which must govern, when ascertainable.

When the intention does not appear, then the words of grant should govern, if repugnant to the *habendum* of the deed; but if the intention is apparent, then it should govern. This rule, we believe, is consistent with reason and upheld by authority.

If the language of the deed admits of more than one construction, then the intention of the grantor, gathered from the whole instrument, should be regarded.

The words in the deed in question, "during his natural life, and after his death to go to and belong absolutely to Belle Mack, she paying the unpaid purchase money as aforesaid," clearly express the intention to provide for Belle Mack.

As she was not a party to the deed, she could take no interest *in presenti* by it, but only a remainder estate; and hence, to give it any effect whatever as to her, it must be construed as vesting only a life estate in James E. Young.

The words, "*his heirs and assigns,*" found in the granting words of the deed, were evidently those of mere form, used by an inexperienced draftsman, and were not intended to create a fee-simple estate.

This is apparent, from the fact that they were used in a still stronger but yet common form in the *habendum.*

Immediately preceding the words which created a remainder estate in Belle Mack, and in the same clause, is to be found the expression, "to the second party, his heirs and assigns, forever," and we must conclude that they were used in both the granting and *habendum* clauses as a matter of mere form.

Judgment affirmed.