### Pensacola & Atlantic Railroad Co., et al. v. Hilton's Trustee, et al.

(Decided March 16, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Interest Coupons—Action on—Promise to Pay, Independent of Original Bond—Limitation.—While the coupon in controversy was

based on the original bond, the promise to pay is independent of the bond, therefore, the statute of limitation will apply to the interest coupon as there was nothing presented to prevent its running, and as fifteen years is the limitation fixed by our statute with reference to such papers, the interest which fell due more than fifteen years before this action was brought was barred. Each coupon is a distinct and separate demand and bears interest from the date of maturity.

2.   Interest Coupons—When Lost—How Interest Paid.—Where a coupon was lost and appellants were compelled for their own protection to hold the money (no bond having been given to indemnify them), it would be inequitable to compel them to pay interest on interest.

3.   Bonds, Coupons—When Lost—Duty of Court in Action on.—The lower court should render a judgment for each remaining coupon to the date of maturity of the original bond, and also a judgment for the amount of the bond.

HELM BRUCE, BRUCE & BULLITT and SIDNEY SMITH for appellants.

JOHN C. STROTHER, LEON P. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellant, Pensacola & Atlantic Railroad Company constructed a railroad in the state of Florida in 1881, and for that purpose, issued several million dollars worth of bonds payable in gold. The bonds, guaranteed by the Louisville & Nashville Railroad Company, one of the appellants, were for $1,000 each, bearing six per cent. interest payable semi-annually and are to become due August 1, 1921. Coupons were attached to the bonds which showed the amount of interest and when due.

W. I. Hilton became the owner of about six of these bonds, but only one of them, bond 50, is the subject of this litigation. This bond was lost about the year 1889, the date of the death of Hilton, and no interest has been paid on it since that time. This action was brought in equity under section seven of the Code, seeking to recover a judgment for the interest which has fallen due on the lost bond since August 1, 1889, to the date of the filing of the action, viz., Spetember, 1909, and also to recover interest upon the interest which became due during that period. At the time of trial, appellees filed an amendment asking to recover also the amount of the interest coupons which had matured since the action was

filed, and asked the court to require appellants to issue them a new bond in place of the one lost, as evidence of their claim.

Appellants answered controverting the claims of appellees, and interposing the plea of the ten year statute of limitation, by reason of which they claimed they could not be required to issue a new bond, and pleaded the five and fifteen year statutes of limitation against a recovery on the coupons or any interest thereon.

The lower court rendered judgment against appellants for all the coupons becoming due within fifteen years next before the suit was instituted, but refused appellees the interest upon interest, which had become due, and refused to require appellants to issue a new bond to appellees.

The testimony shows that Hilton owned bond No. 50 at the time of his death; that the trustees named in his will have been entitled to it ever since; that neither they or any one else have ever received anything on the bond since the death of Hilton.

The trustees are entitled to the relief sought, unless some statute of limitation is in their way, as they have executed the bond and performed all other requirements of section seven of the Civil Code of Practice.

The parties have agreed on and filed with the record, a form of one of the interest coupons attached to the bond. It is as follows:

"$30.00.

"The Pensacola & Atlantic Railway Company will pay to bearer, at its agency in the City of New York, on the 1st day of ———, in gold coin, of the United States, $30.00, being six months' interest on bond No. ———. Coupon No. ———.

———————Secretary."

This is a promise in writing to pay a specified sum of money on a certain date. It is true that it was based upon the original bond which will become due in 1921, but this promise to pay is independent of the promise in the bond, therefore the statute of limitation will apply to this interest coupon as there was nothing presented to prevent its running, and as fifteen years is the limitation fixed by our statute with reference to such papers, the interest which fell due more than fifteen years before this action was brought was barred, as was properly held by the lower court. According to our statute and the

authorities, each coupon attached to such bond is a distinct and separate demand and bears interest from the date of maturity. This is the general rule. See the cases of Talliafero's Ex'or. v. King, 9 Dana, 331; Radford v. Southern Mutual Life Ins. Co., 12 Bush, 434, and Kentucky Title Co. v. English, &c., 20 Ky. Law Rep., 2024. Many other cases might be cited but we deem it unnecessary. The coupons in question promised to pay every six months in the city of New York, and when they are paid appellants are entitled to them. In this case, however, the coupons were lost in 1889, and have not been seen by any person interested in them since. No bond was given or offered to be given to appellants to indemnify them against loss if the bond should afterwards be found in the hands of a rightful owner, until this action was brought. Under such circumstances it would be inequitable to compel appellants to pay the interest upon interest, as they were compelled for their own protection to hold the money and they should not be charged with interest for doing so, therefore the court committed no error in this matter.

Whether or not appellants should be required to issue a new bond is the only remaining question and it is rather a difficult one. The loss of the bond was discovered at least as early as 1890, for in that year the executor wrote appellants of its loss and directed them to pay the coupons to no one. Appellees had a right at any time after the loss of the bond to bring this action for a new bond, but it appears that they delayed it until September, 1909, and this delay is not explained. There is no expressly fixed period within which such actions or proceedings as this must be brought, that we have been able to find. Section 2522, of the Statutes, is as follows:

"An action for relief not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued."

This section would seem to apply to cases like this. So we have a case where appellees are the rightful owners of a debt which is not yet due and of which they have no written evidence or means of securing such evidence, as appellants refuse to assist them although the debt appears to be just and was so adjudged by the lower court. Standing in this attitude, the result would be that appellees would have to execute a bond and probably sue every six months to collect the interest coupons and then

finally execute bond for the collection of the bond itself. This would be burdensome and expensive, and a thing a court of equity should not allow, for there is no wrong appearing on the part of appellees that brought this anomalous position about. To end this matter, the lower court should, on the return of the case, render a judgment against appellants for each remaining coupon to the date of maturity of the original bond and also a judgment for the amount of the bond. Execution to be awarded appellee at the date of maturity of each coupon and of the bond, the cost of which should be paid by appellants, or appellants could issue to appellees a new bond with the coupons which have not matured or been paid, attached, so that appellee might have evidence of their claim and be able to present a claim for their interest as it matures. This should be done at a reasonable expense of appellees, as appellants were in no way responsible for the loss of the original bond.

For this reason only, the judgment is reversed and remanded for further proceedings consistent herewith.