## Land v. Land, et al.

(Decided November 10, 1916.)

### Appeal from Fayette Circuit Court.

1. Deeds—Construction—Intention of Grantor.—The effect of a deed turns upon its proper construction when read as a whole; and when, upon the whole instrument it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect.

2. Deeds—Construction—Intention of Parties.—In seeking the intention, the formal divisions of a deed are to be disregarded and the deed is to be considered as a whole, and not in separate and distinct parts, as was formerly done.

3. Deeds—Construction.—The rule is that where, by a deed a fee simple is granted, and the deed as a whole showed an intention to vest the grantee with the fee, an attempted limitation on the fee will be disregarded. The rule is based upon the principle that a grantor cannot destroy his own grant, however much he may modify it or load it with conditions.

4. Deeds—Construction.—The reason for giving the preference to the granting clause in case of doubt, lies in the fact that it is an indispensable part of the deed, while subsequent clauses ordinarily are not; and, insofar as the rule operates to prevent the abridgment of the estate conveyed by the granting clause, it may also be said to be a consequence of the rule that, where the interpretation of the deed remains doubtful, the court will adopt the construction which is most favorable to the grantee.

5. Deeds—Construction.—Where a deed by its granting clause conveyed land to Belle Land, wife of Eugene Land, her heirs and assigns, with the usual habendum clause confirming the land to her, her heirs and assigns forever, it conveyed to Belle Land a fee simple estate, although there was added, after the habendum clause, a sentence saying it was understood and agreed that the described property should revert to the heirs at law of Eugene Land, at the death of Belle Land, his wife.

CHARLES F. EXUM for appellant.

R. L. NORTHCUTT and GEORGE S. SHANKLIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

This case presents this question: What effect, if any, is to be given other language in a deed which attempts to cut down an estate conveyed by the granting clause?

By their deed dated December 21st, 1888, L. M. Land and Sarah J. Land, his wife, conveyed to M. Belle Land, the wife of Eugene Land, a farm in Fayette county for the consideration of the grantee's promissory note for $3,800.00, payable twelve months thereafter.

The granting clause reads as follows:

"The parties of the first part do hereby sell and convey unto the party of the second part, her heirs and assigns, the following described real property, to-wit.

The habendum clause of the deed reads as follows:

"To have and to hold said property unto the party of the second part, her heirs and assigns forever. And said parties of the first part hereby release all their right, title and interest in said property, including the homestead exemption allowed by law, and covenant to warrant generally the property hereby conveyed. It is understood and agreed, however, by this conveyance that said described property is to revert to the heirs at law of Eugene Land, at the death of M. Belle Land, his wife."

Subsequently, M. Belle Land and Eugene Land, her husband, conveyed seven acres of the tract in question to Hettie L. Spicer. Again, by their deed of September 30th, 1915, M. Belle Land and Eugene Land, her husband, conveyed the unsold portion of the tract to L. M. Land in consideration of one dollar and the agreement of L. M. Land to reconvey the land to Eugene Land. L. M. Land complied with his ˗ venant, by executing a deed of the same date, whereby he reconveyed the land to Eugene Land, in fee.

The appellant, Edgar P. Land, an adult, is the only child and descendant of Eugene Land and M. Belle Land, his wife.

On December 30th, 1915, Eugene Land, Hettie L. Spicer and H. S. Spicer, her husband, filed this action against Edgar P. Land, setting forth the facts above recited, and further alleging that Edgar P. Land is claiming that his mother, M. Belle Land, acquired only a life estate under the deed of December 21st, 1888, and that said land would, upon her death, pass to him in fee simple, in the event he survived his mother.

The plaintiffs asked the court to construe the deed of December 21st, 1888, from L. M. Land and Sarah J. Land, his wife, to M. Belle Land, and to adjudge and determine just what rights the plaintiffs, Hettie L. Spicer and Eugene Land, had acquired under their subsequent deeds from M. Belle Land.

The circuit court adjudged that M. Belle Land took a fee simple title, and consequently, that Hettie L. Spicer and Eugene Land held their respective tracts under a like tenure, and, that Edgar P. Land had no interest or estate whatever therein. From that judgment Edgar P. Land prosecutes this appeal.

The rule is that where, by a deed a fee simple is granted, and the deed as a whole shows an intention to

vest the grantee with a fee, an attempted limitation upon the fee, will be disregarded. This rule is based upon the principle that a grantor cannot destroy his own grant, however much he may modify it or load it with conditions.

But, in all cases the effect of the deed turns upon its proper construction when read as a whole; and if, upon the whole instrument it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for it, like other instruments, must be construed according to the intention of the parties where that intention is sufficiently expressed in the instrument. Henderson v. Mack, 82 Ky. 380; Wilson v. Moore, 146 Ky. 679; Bain v. Tye, 160 Ky. 411.

Appellant insists that the deed clearly expresses the intention of L. M. Land and wife, to grant a life estate, only, to M. Belle Land, and to vest the remainder in fee simple in their only child, the appellant Edgar P. Land.

On the other hand, appellees insist that by both the granting clause and the habendum clause of the deed L. M. Land and his wife parted with their entire interest in the property, and that the subsequent attempt to create a reversion in favor of the heirs at law of Eugene Land, who was not a grantee in the deed, is entirely inconsistent with both the granting clause and the habendum clause of the deed, and therefore ineffectual for any purpose.

Attention is called to the fact that M. Belle Land is the only party named as grantee; that the estate is not conveyed to M. Belle Land and the heirs at law of Eugene Land, but to M. Belle Land, alone; and that the deed is complete without the restrictive clause of reverter.

The rule that the granting clause of a deed will prevail over subsequent clauses which would have the effect to abridge the estate conveyed, stands unquestioned, the differences of opinion concerning it being in regard to its application. Probably, in its origin a rule of construction, as the fact that the estate granted was permitted to be altered or varied by subsequent clauses would seem to indicate, it has often practically been given effect as a rule of property. While traces of this idea still persist, the consensus of the modern decisions is that it is a rule of last resort applicable only when

there is such an irreconcilable repugnance between the clauses, as to make it impossible to discover with anything like certainty, the intention of the parties. Henderson v. Mack, *supra;* Ratliffe v. Marrs, 87 Ky. 26; Hall v. Wright, 121 Ky. 16; Crews v. Glasscock, 32 Ky. L. R. 914, 107 S. W. 237; Kelly v. Parsons, 127 S. W. 793.

And, in seeking the intention, the formal divisions of the deed are to be disregarded and the deed is to be considered as a whole, and not in separate and distinct parts, as was formerly done. Henderson v. Mack, *supra;* Singleton v. School District, 10 Ky. L. R. 851, 10 S. W. 793; Hall v. Wright, *supra.*

The reason for giving the preference to the granting clause is said to lie in the fact that it is an indispensable part of the deed, while subsequent clauses ordinarily are not; and, insofar as the rule operates to prevent the abridgment of the estate conveyed by the granting clause, it may also be said to be a consequence of the rule that, where the interpretation of the deed remains doubtful, a court will adopt the construction which is most favorable to the grantee. Obviously, there is frequently room for considerable difference of opinion as to whether the intention of any particular deed or will is so clearly expressed as to render resort to the rule under discussion, unnecessary.

In Ray v. Spears, 23 Ky. L. R. 814, 64 S. W. 413, where the deed contained an independent final clause providing for a reversion of the land conveyed, or its proceeds, in case the grantee should die without a child or children, it was held that the attempt to thus limit an absolute estate was null and void because utterly inconsistent with the granting and habendum clauses of the conveyance.

And, in Humphrey v. Potter, 24 Ky. L. R. 1264, 70 S. W. 1062, it was held that, since a deed of property "to have and to hold to said second party, his heirs and assigns forever," conveyed a fee, a subsequent clause providing that "after the death of said second party, the land hereby conveyed shall go to the children of" the grantor, was ineffectual and void.

In Hughes v. Hammond, 136 Ky. 694, 26 L. R. A. (N. S.) 808, the granting clause conveyed the land in controversy to Mary Hammond "the party of the second part for her own use free from all marital rights of

her present husband or any future husband she may have.''

The habendum clause read as follows:

''To have and to hold said land to the party of the second part, her heirs and assigns forever, with covenant of general warranty. If the party of the second part dies without bodily heirs the said land is to go back to the heirs of the first party.''

In holding that Mary Hammond took a fee, the court said:

''It has been established as a general rule that the granting clause in a deed controls, and if there is anything in the habendum clause that conflicts with it that part of the habendum clause must give way. As stated, appellee is the only person named as grantee in the caption of the deed; and the granting clause conveyed it to her without any restrictions, and by the habendum clause the land is conveyed to 'her and her heirs and assigns, forever, with covenant of general warranty.' This, undoubtedly, gave her a fee-simple title to the land, and the last words of the habendum clause, above quoted, are simply an attempt to limit her estate.''

In our opinion, the Ray case, the Potter case, and Hughes v. Hammond, *supra,* control this case, and sustain the judgment of the chancellor holding that M. Belle Land took a fee-simple title under the deed of 1888.

Judgment affirmed.