## Lovill v. Hatfield.

(Decided February 3, 1925.)

### Appeal from Knox Circuit Court.

1. Deeds—Construed Most Strongly Against Grantor.—Deeds should be construed most strongly against grantor.

2. Evidence—Ambiguity in Deed May be Explained by Parol Evidence.—Ambiguity in deed as to land conveyed may be explained by parol evidence, in order that court may learn the true intention of the parties.

3. Deeds—Ambiguous Deed Not Construed to have Conveyed Part of Tract which Grantee's Successor did Not Claim.—Where grantee's son to whom grantee immediately conveyed land did not claim to have purchased entire tract, and did not interfere with other person's possession of a portion thereof, and accepted part allotted him, and told several parties that he had no interest in land claimed by such other person, the deed, with ambiguous de-

scription, will not be construed to have conveyed such other portion.

4.  Evidence—Admissions of Grantee's Successor Held Admissible in Action Involving Issue as to Land Conveyed.—Where grantee immediately conveyed land to her son, the son's admissions as to land claimed to have been conveyed were competent against him and those claiming under him in action involving issue as to land conveyed by deed, regardless of whether he made admissions as agent of mother or acted in own behalf.

5.  Limitation of Actions—In Action to Quiet Title Involving Merely Construction of Deed, Held that Statute of Limitations could Not be Invoked.—In action to quiet title in which parties claimed through common source, and which involved merely construction of deed as to land conveyed, held that statute of limitations could not be invoked.

6.  Judgment—Unsigned Decree Held in Effect Set Aside.—Order setting aside former order of submission and permitting additional proof to be taken without specific mention of unsigned decree, and the taking of other proof and rendition of final judgment, held in effect to set aside such decree.

DISHMAN & TINSLEY and R. N. JARVIS for appellant.

M. A. GRAY and STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Elizabeth Hatfield sued to quiet her title to twenty acres of land adjoining the city of Corbin. From a judgment in her favor the defendant, George D. Lovill, appeals. Both claim title through Roscoe Hatfield, who was a son of Wm. Hatfield, deceased.

In the division of the real estate of Wm. Hatfield, among his heirs, the master commissioner, E. G. Massingale, in December, 1910, conveyed several tracts to Roscoe Hatfield, two of which are in Knox county, the fifth tract being thus described:

"Beginning at a stone at the corner of the fence known as the Welsh tract; thence N. 18 W. 44 poles to a stone at the road, corner to Elizabeth Reynolds' fence; thence S. 85½ E. 50 poles to a white oak and black gum; thence N. 78 E. 30 poles to a gum and white oak; thence S. 18 E. 68 poles to a dogwood and maple; thence S. 88 W. 75 poles to the beginning, containing 24 acres, 3 roods and 35 poles."

On July 10th, 1913, in consideration of a house and lot in Corbin conveyed to him by Rena Lovill, Roscoe

Hatfield executed a deed to her in which, according to defendant, he conveyed her all of the above tract of land, but in which, according to plaintiff, he only conveyed her four acres thereof, the description in the deed being:

"A certain tract of land lying and being in Knox county, Ky., and being all the tract of land conveyed to the party of the first part by E. G. Massingale, commissioner of Whitley county, by deed bearing date December 24, 1910, which is duly recorded in deed book 64, at page 377, county clerk's office, and bounded and described as follows:

"Beginning at a stone at the Barbourville road the corner to Elizabeth Reynolds' fence southwardly — feet to a stone in line with said Barbourville road; eastwardly — feet to the corner at the eastward line of the original tract; thence northwardly with said back line — feet to a gum and white oak, at the corner; thence westwardly with the line of the original tract — feet to a beech, corner to Elizabeth Reynolds' land, southwardly with her line — feet to white oak and black gum; thence westwardly with her line — feet to the beginning."

On the same day Rena Lovill conveyed this boundary to her son, J. H. Lovill, who had conducted all the negotiations. Plaintiff claims that a stake was set at the second corner and the distances left blank in the deed, with the understanding that the lot should be surveyed and the distance ascertained and inserted. That later this was attempted, but the second line ran quite close to the rear corner of Reynolds' line; that J. H. Lovill claimed that this was to be parallel with the Reynolds line, and a controversy arose.

Thereupon Roscoe Hatfield erected a fence along the line as claimed by him, cutting off four acres and a fraction to Lovill and retaining the twenty acres now in dispute. Possession of this tract has since been retained by him and his vendee.

J. H. Lovill erected a residence on his part and he and his mother lived thereon. Both of them are now dead. His father, J. S. Lovill, inherited from him and has since died, leaving as his only heir the appellant, George D. Lovill.

In October, 1913, Roscoe Hatfield sold and conveyed a lot on the east end of this tract fronting on the Barbourville road to J. G. McCreary. In July, 1914, he con-

veyed to his mother, appellee herein, several tracts, including the land in dispute.

The conflicting claims are easily understood by a reference to the accompanying diagram.

There are six calls in each survey, the general direction being identical. The confusion arises from the fact that in the Lovill deed the courses and distances are not set out, and the second and third lines do not call for natural objects. It transpires that the calls can be applied to the entire boundary or to the four acres only.

Thus the original boundary begins at a stone corner to the Welsh land (1); thence N. 18 W. 44 poles to a stone at the road, corner to Elizabeth Reynolds' fence (2); thence S. 85 E. 50 poles to a white oak and black gum (3); thence N. 27 W. 29 poles to a beech (4); thence N. 78 E. 30 poles to a gum and white oak (5); thence S. 18

E. 68 poles to a dogwood and maple (6); thence S. 88 W. 75 poles to the beginning. Six corners appearing as indicated on the map.

The deed from Hatfield to Lovill reverses these calls. It begins at a stone at the Barbourville road (2), corner to Elizabeth Reynolds, and, as claimed by plaintiff, runs southwardly — feet to a stone in line of said Barbourville road (b), as claimed by plaintiff; thence eastwardly — feet to a stone in an established line of the original tract (c), as claimed by plaintiff; thence northwardly with said back line to a white oak and gum at corner (5); thence westwardly with the line of the original tract — feet to a beech corner to Elizabeth Reynolds' land (4); thence southwardly with her line — feet to a white oak and black gum (3); thence westwardly with her line — feet to the beginning (2); all except the first and second calls being identical with the first deed.

The dotted line from "B" to "X" runs parallel with the Reynolds fence, being the one that plaintiff's testimony shows was claimed by J. H. Lovill. It is within plaintiff's inclosure.

It is clear that under this description the distance in the first call could be extended to the stone at Welsh's corner; and the second call would then be from that point to the dogwood and maple, and from thence on around the original boundary. Also, as stated above, the Lovill deed recites "and being all the same tract of land conveyed to the party of the first part by E. G. Massingale, commissioner of Whitley county, by deed bearing date December 24, 1910, and this would indicate the entire tract conveyed.

But, on the other hand, the calls in the deed are equally consistent with plaintiff's contention. If the parties had intended to include the entire tract it is singular that they gave the calls and general directions as in the old deed without giving the distances or calling for the natural objects of the corners, a circumstance indicating that they did not intend to call for those points.

If the matter had stopped there, under the familiar rule that the deed should be construed most strongly against the grantor, the defendant would prevail, but with six of the lines of the deed left blank, and it thereby being rendered equally applicable to different theories of construction, it would seem that parol evidence is proper to explain the ambiguity thus created, that the court may learn the true intention of the parties.

When this is done the evidence is convincing that J. H. Lovill did not claim to have purchased the entire tract, and did not interfere in any way with Roscoe Hatfield's possession, but, on the contrary, accepted the part allotted him and told several parties he had no interest in the land claimed by Hatfield.

It must be remembered that J. H. Lovill conducted the negotiations with Roscoe Hatfield, and though the land was first conveyed to his mother, she conveyed it to him on the same day, and that he was the owner at the time of the admissions as to title, so that whether he originally acted as agent of his mother, or acted on his own behalf, under the circumstances such admission, if not otherwise objectionable, were competent against him and those claiming under him.

About the time the line was being run, both he and Roscoe Hatfield consulted an attorney in a friendly way, without either employing him. At that time there was no contention as to the second corner in Lovill's deed being the point now claimed by plaintiff, but Hatfield was claiming that the second call was at right angles with the Barbourville road, while Lovill claimed that it should run parallel with the Elizabeth Reynolds line, and did not claim anything south of the line running parallel with the Reynolds fence. Later he told the attorney he thought he could claim it all under the deed. In the light of this evidence we conclude that the construction claimed by plaintiff is correct.

We do not think the statute of limitation can be invoked as the matter involved is simply the construction of the deed. Upon original submission a decree was rendered in favor of Lovill, but the order was not signed. While the record was in that condition a motion was made to set aside the judgment and submission and permit additional proof to be taken. An order was entered setting aside the former order of submission and permitting additional proof to be taken. No specific mention was made therein of the unsigned decree, but it was ignored thereafter, other proof taken and final judgment rendered for plaintiff. In all these proceedings the unsigned decree was ignored and, in our opinion, it was in effect set aside.

Perceiving no error in the record the judgment is affirmed.