## Franklin Fluorspar Company v. Hosick et al.

(Decided June 5, 1931.)

C. S. NUNN, C. H. WILSON and NUNN & WALLER for appellant.

CHARLES FERGUSON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

The Franklin Fluorspar Company brought this action against appellees on January 29, 1929, alleging

that it was the owner of all the coal, minerals, and mining privileges in certain tracts of land acquired by mesne conveyances from Henry J. Trabue, who acquired his title by virtue of a conveyance from W. B. Hosick on June 11, 1864, and that subsequent to that conveyance Hosick conveyed the residue of his title in the land to others, and by mesne conveyances this had come to the defendants, who refused to allow the plaintiffs to enter upon the land or to develop the minerals thereon. The plaintiff prayed that its title to the minerals and mining privileges be quieted; that the defendants be enjoined from interfering with it in its surveys, prospecting, or operation of the mines or removals of the minerals, and for cost and all proper relief.

. The defendants answered controverting the allegations of the petition. A large amount of proof was taken, and on final hearing the circuit court dismissed the petition.

The first question in the case is the proper construction of the deed from W. B. Hosick to Henry J. Trabue, under which the plaintiff claims, which is in these words:

"For and in consideration of One Dollar in hand paid, the receipt of which is hereby acknowledged, I, W. B. Hosick hereby grant, bargain, sell and convey unto Henry J. Trabue his heirs and assigns forever, all the coal minerals and mining privileges and right to remove the same in and upon the following tract or survey of land to wit: (Here follows description of land.)

"In testimony whereof I, the said W. B. Hosick, have hereunto set my hand and seal on this the 11th day of June, 1864."

The rights of the parties turn on the meaning and proper construction of the words, "all the coal minerals and mining privileges and right to remove the same." Appellee insists that, there being no comma between the words "coal" and "minerals," the meaning is coal minerals; but appellant insists that the proper meaning is coal, minerals, and mining privileges. These rules as to the construction of a deed are well settled:

"The object in construing a deed is to ascertain the intention of the parties, and especially that of the grantor, from the words which have been employed in connection with the subject matter, and

the surrounding circumstances.'' 18 C. J. p. 252, sec. 198.

As to punctuation the rule is: ''It is ordinarily given slight consideration.'' 18 C. J. p. 258, sec. 207.

The language of the deed is read under this rule:

''The construction must be reasonable and agreeable to common understanding, and the words employed in a deed should be given their fair and reasonable meaning, receiving the interpretation accorded them by the common usage of mankind, having in view the circumstances of their use and the context.'' 18 C. J. p. 258, sec. 209.

The rule is also well settled that the deed will be construed most strongly against the grantor and in favor of the grantee if it admits of two constructions. Bain v. Tye, 160 Ky. 408, 169 S. W. 843; Land v. Land, 172 Ky. 145, 189 S. W. 1; Lovill v. Hatfield, 207 Ky. 142, 268 S. W. 807.

How did the parties to this deed understand it? In 1875 W. B. Hosick brought a suit against Trabue to cancel this deed on the ground that it had been obtained by fraud. In that petition he alleged more than once that he had conveyed, by the deed to Trabue, all the mineral rights in the land. That petition was dismissed, but in that case Trabue set up his right to all the minerals in the land; and, after this suit was dismissed, Hosick sold the land to others by the deed under which appellees claim. Trabue before that suit was brought made a deed to another in which he described the property as the mineral rights in the land. This view of the language of the deed is confirmed by the fact that it was made in 1864, when in common parlance there were no such things known as coal minerals, and coal itself was not then commonly defined as a mineral. Webster's Dictionary, Edition of 1856. Since then coal oil has come into general use, also natural gas; and these have come to be regarded as coal minerals. But common people in 1864 knew nothing of this. In fact, the mineral in the land which is now of value is fluorspar. That is what has caused this litigation. About 1842 or 1845 fluorspar was discovered across the river, and the vein ran down in the direction of this land. But it was not knownwhether it cropped out in this section or not in 1864 when this deed was made. No coal in paying quantities has ever been found

there. In view of the common use of the terms employed in the deed, plainly what the parties meant to convey was the right to the minerals in the land. To construe the deed as conveying only coal minerals would be to give it a construction that nobody had ever heard of at that time. The absence of a comma after coal and before minerals will not control the meaning of the words, but they will be read in the light of their common use at the time. Coal and minerals were then familiar terms. A deed should, if possible, be so construed as to give proper effect to it, Nuckols v. Stone, 120 Ky. 631, 87 S. W. 799, 27 Ky. Law Rep. 1043. To construe this deed as conveying only coal minerals would be to construe it most favorably to the grantor and to give it a meaning which neither of the parties intended or had in mind. Words may in time shift in meaning, but in a deed they must be read in the sense in which they were commonly used where the deed was written, and in which the grantor and grantee then understood them. The rights of the parties do not turn on the omission or insertion of a comma by the clerk in recording the deed. By it the grantor conveyed to the grantee "all the coal, minerals and mining privileges," etc. The absence of a comma after coal and before minerals will not control the meaning of the words, but they will be read in the light of their common use at the time. Coal and minerals were then familiar terms; but coal minerals is an expression of later use.

The instrument in question is a conveyance and not a lease. The rule as to whether the rights under such a paper may be lost by nonuser is thus stated in Scott v. Laws, 185 Ky. 443, 215 S. W. 81, 13 A. L. R. 369: "An examination of the authorities on the question will show that the rule that a mining privilege is sometimes regarded as a mere license, which may be lost by nonuser, is confined to cases where the privilege is limited and no exclusive right in the minerals themselves is granted." To same effect is Prewitt v. Bull, 234 Ky. 18, 27 S. W. (2d) 399.

A number of other authorities are collected in these opinions; no rights of the grantee here were lost by failure to take possession and develop the property.

It is unnecessary for the plaintiff to show title from the commonwealth. When the plaintiff makes out title from the common source, this is all that is necessary in a case like this. Crawford v. Crawford, 231 Ky. 675, 22 S. W. (2d) 93.

In August, 1867, H. J. Trabue conveyed the property to his sister Henrietta J. Nesbitt. She, before 1871, conveyed it to Isaac H. Trabue, but the deed is lost. Isaac H. Trabue in 1871 conveyed the property to Elizabeth Trabue; Elizabeth Trabue, about three years later, conveyed it back to Isaac H. Trabue, but this deed is lost. On June 1, 1903, Henrietta J. Nesbitt and Elizabeth bue, by a deed, conveyed the property to Isaac H. Trabue, reciting in the deed that they had made the former deeds which were lost. The heirs of Isaac H. Trabue conveyed the property to appellant, or those under whom they claim. While it is true that the lost deeds were not supplied as provided by law, the deeds which Henrietta J. Nesbitt and Elizabeth Trabue made June 1, 1903, conveyed all the title they had to Isaac H. Trabue. Appellees do not claim under them, and appellant clearly has now all the title they had. It is unnecessary therefore for the appellant to supply the lost deeds. The evidence of Edmund F. Trabue shows who were the heirs of Isaac H. Trabue, and the record shows that all these conveyed to appellant or those under whom they claim. Appellant therefore makes out a good title back to the common grantor, W. B. Hosick.

The rule is well settled that the owner of the surface, where there has been a severance of the minerals holds possession of the minerals in the land in trust for the mineral owner. Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509; Eli v. Trent, 195 Ky. 26, 241 S. W. 324; Thornbury v. Virginia Iron Coal & Coke Co. 216 Ky. 434, 287 S. W. 698. Limitation therefore did not run against the grantee in the deed in question by reason of the occupancy of the surface by W. B. Hosick or those claiming under him, and for the same reason none of the deeds under which appellant claim are void under the champerty statute. Farnsworth v. Barret, 147 Ky. 556, 142 S. W. 1049; Hoskins v. Northern Lee Oil & Gas Co., 194 Ky. 628, 240 S. W. 377; Prewitt v. Bull, 234 Ky. 18, 27 S. W. (2d) 399, and cases cited.

In the deed in question, following the description of the first tract conveyed, are these words: "When I get a deed reference is made to it for further description." At the time the deed was made, Hosick had bought the land at a commissioner's sale, but no deed had been executed to him. It was executed to him later. This deed merely perfected his title to the property he conveyed. The deed he executed purports to convey the property,

and, when the deed was subsequently made to him, it operated for the benefit of his grantee. 21 C. J. p. 1072, sec. 34.

The deed is not on its face void because the consideration was "one dollar in hand paid." "Any valuable consideration, however small, will support a conveyance of land, for the consideration need not equal the value of the property, especially where no creditor's rights are affected. Hence the merely nominal consideration of one dollar, which is frequently recited in deeds, evidences a sufficient valuable consideration." 18 C. J. p. 166, sec. 47. Lovett v. Eastern Oil Co., 68 W. Va. 667, 70 S. E. 707, Ann. Cas. 1912B, 360 and cases cited in notes.

Five shillings has been held by this court sufficient consideration to support a deed. Toncra v. Henderson, 3 Litt. 235. The court therefore conclues that apellant made out its title to the property in question, and that on the facts the circuit court should have entered judgment in its favor as prayed in the petition.

Judgment reversed, and cause remanded for a judgment as above indicated.