## Berry et al. v. Hiawatha Oil & Gas Co. et al.

November 26, 1946.

Rehearing denied Jan. 28, 1947.

630

Pentecost & Dorsey for appellants.

Harris & Drury, Fowler & Holbrook and E. L. McDonald for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellants instituted this action to recover for oil taken from wells drilled on real estate owned by them in Union County. The answer pleaded title, and asked that it be quieted, to all of the minerals in and under the property except coal, and asserted the right of appellee, Ashland Transportation Company, to receive the oil into its pipe lines under contract with its co-appellees, who claim by reason of a reservation in a deed through which appellants claim title. The sole question for our determination is a construction of the words in the reservation, which are: "All coal mineral rights are reserved from this conveyance."

A photostatic copy of the deed containing the reservation has been transmitted to this Court, and it shows that the reservation was inserted after the main body of the deed was drafted; but there is no contention by either party that it was inserted after the deed was executed. Appellants contend that the reservation applies only to coal, and, in that connection, that the word "mineral" is an adjective modifying "rights," "coal" is an adjective modifying "mineral," and "all" is an adjective modifying "coal." Appellees contend that the exception is not confined to coal alone, and that the words, "mineral," "coal," and "all," are adjectives modifying the word "rights"; and this is the construction placed upon the reservation by the Chancellor.

Undoubtedly, if appellees' construction is correct, all of the minerals, including coal, were reserved, because the word "mineral" includes oil and gas in the absence of words indicating a contrary intention. Kentucky West Virginia Gas Co. v. Preece et al., 260 Ky.

601, 86 S. W. 2d 163 and Federal Gas, Oil & Coal Co. et al. v. Moore et al., 290 Ky. 284, 161 S. W. 2d 46. Whilst the wording is not exactly the same, we see no distinction to be made in the language employed in the reservation under consideration in this case and that employed in the reservations in Franklin Fluorspar Co. v. Hosick et al., 239 Ky. 454, 39 S. W. 2d 665 and Hurley et al. v. West Kentucky Coal Co., 294 Ky. 96, 171 S. W. 2d 15. In the Hosick case, (239 Ky. 454, 39 S. W. 2d 665) the grantors reserved "all the coal minerals and mining privileges and right to remove the same." In the Hurley case the reservation read (294 Ky. 96, 171 S. W. 2d 16): "All the coal mineral and mining rights together with the right to mine and remove same lying upon or under the said land." It will be noted that neither of the reservations in the above-cited cases nor the one in the instant case contain any punctuation mark except the period at the end of the sentence. The author of the opinion in the Hurley case, quoting from the opinion in the Hosick case, said:

" 'These rules as to the construction of a deed are well settled:

" 'The object in construing a deed is to ascertain the intention of the parties, and especially that of the grantor, from the words which have been employed in connection with the subject matter, and the surrounding circumstances." 18 C. J. p. 252, sec. 198.

" 'As to punctuation the rule is: "It is ordinarily given slight consideration." 18 C. J. p. 258, sec. 207.

" 'The language of the deed is read under this rule: "The construction must be reasonable and agreeable to common understanding, and the words employed in a deed should be given their fair and reasonable meaning, receiving the interpretation accorded them by the common usage of mankind, having in view the circumstances of their use and the context." 18 C. J. p. 258, sec. 209.

" 'The rule is also well settled that the deed will be construed most strongly against the grantor and in favor of the grantee if it admits of two constructions. Bain v. Tye, 160 Ky. 408, 169 S. W. 843; Land v. Land, 172 Ky. 145, 189 S. W. 1; Lovill v. Hatfield, 207 Ky. 142, 268 S. W. 807.' "

The opinion goes on to say: "The Hosick case is controlling here. Even if it be conceded that there is some basis for the construction that 'coal' was used as an adjective and not as a noun, there is more logical support for the contention that the word 'mineral' was also used as an adjective and that the three words, 'coal,' 'mineral' and 'mining,' qualified the word 'rights.'"

In the instant case it is apparent the reservation was hastily placed in inadequate space after the original drafting of the deed was completed. The mineral known as coal ordinarily is not called "coal mineral"; the term rhetorically is incorrect. The language contained in the deed shows the draftsman to be one skilled in composition and rhetoric; and it is inconceivable that he would violate the rules of his education to such an extent as to refer to coal as "coal mineral." The deed as a whole shows that, while the language of the reservation is faulty, such was not the result of ignorance, therefore it only could have been the result of negligence or inadvertence. We therefore conclude, with Franklin Fluorspar Co. v. Hosick, supra, and Hurley v. West Kentucky Coal Co., supra, as guides, that a proper construction of the reservation in question is that all minerals, including coal, were reserved in the deed in question. We are not unmindful of this Court's decision in Witten et al. v. Damron et al., 300 Ky. 29, 187 S. W. 2d 834, 835. In that case the reservation read: "Coal mineral excepted, with exceptions of what grantee wants to use on the farm the said grantor to pay all damages that may be done the farm in getting the coal out." The language employed in that reservation differs from that in the reservation under consideration in two particulars: (1) There is no word (in the instant case "rights") for the words "coal" and "mineral" to modify; and (2) the second clause clearly shows the reservation to be restricted to coal alone. We are of the opinion the decision in each of the cases above cited is correct, but that the words employed by the draftsmen of the reservations in the Hosick and Hurley cases more nearly conform to the words of the reservation under consideration than do the words employed by the draftsman in the Witten case.

The judgment is affirmed.