## IRVIN v. SMITH.

Court of Appeals of Kentucky.
March 13, 1951.

R. E. Lee Murphy, Adolph Graves, Lexington, for appellant.

Sam P. Strother, Lexington, for appellee.

VAN SANT, Commissioner.

The sole question for determination is whether a deed executed in the year 1881 by Mrs. M. F. Sims, a widow, conveyed to Betty Huston a fee simple title or a mere life estate in property located on East Third Street in Lexington. The granting clause of the deed recites that the first party "does hereby sell and convey to the party of the second part (Betty Huston) and her heirs and assigns." The habendum clause reads: "To have and to hold said property unto said Betty Huston for and during her natural life with remainder in fee to the children of said Samuel Huston." The deed recites that Samuel Huston executed his note for the unpaid purchase price and to secure payment of the note a lien was retained on the property.

In many cases we have held that where the granting clause in a deed is repugnant to the habendum clause the former will prevail as against the latter. Two of those cases are relied on by appellant herein to sustain his contention that the fee simple title passed to Mrs. Huston under the deed in question. They are Land v. Land, 172 Ky. 145, 189 S.W. 1, and Hall v. Wright, 121 Ky. 16, 87 S.W. 1129. But in those, as well as all other cases we have examined adhering to the rule relied on, the deeds in question, when read as a whole, either showed an intention to vest the grantee with a fee or failed to show an intention to vest an estate less than the fee in the named grantee. But where the instrument as a whole shows that it was the intention of the parties that the named grantee be vested with a mere life estate, the rule in respect to repugnant clauses does not apply. The

876

primary rule in all cases is to construe the instrument according to the intention of the parties, where that intention is expressed in the instrument. Land v. Land, supra; Hall v. Wright, supra; Henderson v. Mack, 82 Ky. 379, 380; May v. Justice, 148 Ky. 696, 147 S.W. 409.

 We have no difficulty in determining the intention of the parties in the deed presented for our construction. Samuel Huston, the husband of the named grantee, bound himself to pay the unpaid purchase price of the property and that fact appears in the deed itself. This obligation on the part of the husband no doubt was the consideration moving for the conveyance of the remainder interest in the property to his children. It is apparent that it was the intention of the parties to convey a mere life estate to Mrs. Huston with remainder over to the children of her husband.

The judgment is affirmed.