### GIBSON et al. v. SELLARS.

Court of Appeals of Kentucky.
Oct. 31, 1952.

As Modified on Denial of Rehearing
Dec. 19, 1952.

Byron, Sandidge & Holbrook, Owensboro, Hunt & Palmore, Henderson, for appellants.

King & Craig, Henderson, for appellee.

DUNCAN, Justice.

Appellee as plaintiff below sought by this action to quiet his title to the oil and gas in place beneath one hundred acres of land situated in Henderson County, Kentucky.

The sole question involves the construction of an exception appearing in a deed from Mrs. Lockie Gibson to one King executed on October 27, 1908. The appellants claim by descent from Mrs. Lockie Gibson and the appellee as a remote vendee of King, the grantee.

The deed in question was a conveyance of the fee-simple title to certain lands including the one hundred acres here in question and contained this exception:

"It is expressly understood and agreed by the parties that the coal and mineral rights underlying said tract of land have been heretofore sold by the First Party and are not intended to be conveyed by this deed and are expressly excluded herefrom."

It was stipulated by the parties that the only recorded conveyance from Lockie Gibson executed prior to the deed in question was a deed dated November 2, 1907, by which she conveyed to Morris Baker the coal in and under this land.

Appellee insists and the court found that the exception when considered in the light of the prior conveyance of coal only did not except the oil and gas and that these substances passed under the deed to King. Appellants insist that the exception includ-

ed oil and gas and that the grantee acquired title to only the surface.

■ This court has long since established the rule that the term "minerals" includes oil and gas, and that a reservation or exception of "coal and minerals" excepts the oil and gas. Scott v. Laws, 185 Ky. 440, 215 S.W. 81, 13 A.L.R. 369; Kentucky West Virginia Gas Co. v. Preece, 260 Ky. 601, 86 S.W.2d 163; Hurley v. West Kentucky Coal Co., 294 Ky. 96, 171 S.W. 2d 15; Franklin Fluorspar Co. v. Hosick, 239 Ky. 454, 39 S.W.2d 665; Berry v. Hiawatha Oil & Gas Co., 303 Ky. 629, 198 S. W.2d 497.

The many variations of the term which have been given the effect of including these substances are well illustrated by the specific provisions involved in the several cases. In the Scott case, the term was "all the mineral right and coal privileges". In the Kentucky West Virginia Gas Co. case, [260 Ky. 601, 86 S.W.2d 164] it was "'all the coal, salt water, and minerals'". In the Hurley case [294 Ky. 96, 171 S.W. 16], it was "'All the coal, mineral and mining rights'". The rule has been followed even though the conjunction "and" is omitted. In the Berry case, it was concluded that an exception of the "'coal mineral rights'" excepted the oil and gas. In the Hosick case [239 Ky. 454, 39 S.W.2d 667], an exception of "'coal, minerals and mining privileges'" was given the same effect.

■ Applying the definition so often adopted by this court, we conclude that the term "coal and mineral rights" has a definite and certain meaning which includes oil and gas.

■ Appellee concedes the generally accepted definition of the term involved, but insists that our construction should be controlled by the intention of the parties. We recognize that to be the general rule with reference to all instruments. The question is, how far shall we go in determining the intention of the parties? Should we confine our investigation to the four corners of the instrument itself, or should we extend our search entirely beyond its terms to determine whether or not the parties meant something different from what they said?

■ The question presents a fundamental rule of construction. Although generally referred to as the parol evidence rule it is more than a rule of evidence. It is one of substantive law and is generally recognized and applied in all jurisdictions. The rule is stated in 32 C.J.S., Evidence, § 851, page 787, as follows:

"It has been asserted that the rule under discussion is one of evidence merely. However, according to the modern and better view, the parol evidence rule, as applied to contracts, is a rule, not of evidence or of evidence merely, but of substantive law, it being considered that parol evidence is excluded because the law requires the terms of the agreement to be found in the writing itself * * *."

■ Extrinsic proof is competent and may be employed in construing language, the meaning of which is obscure or which is susceptible of two or more interpretations. However, because of the inherent danger of the rule, its use is permitted only in those cases where the language to be construed is so ambiguous or obscure in meaning as to defy interpretation otherwise. An extension of the rule would result in chaos and confusion, and it would be impossible to determine the rights of the parties to a contract without viewing all the circumstances surrounding the execution of the document in question.

■ In determining the intention of the parties to the contract before us, we are, therefore, restricted to the instrument itself and we have no right to vary or alter the meaning of the words used in the exception by reference to any prior conveyance.

■ It is of particular significance that the exception here did not contain any language restricting the minerals excepted to those previously conveyed. The grantor did not say that she was excepting "such" or "only" minerals previously conveyed. Words of restriction would have incorporated by reference the subject of the prior conveyance into the present exception, and it would have been entirely proper in that

event to have construed the exception in the light of the earlier transaction.

Appellee also insists that in construing the exception we should take into consideration the judicial interpretation applied to the term "mineral rights" in effect in 1908 when the deed was executed. It is pointed out that the first Kentucky case in which the term was given the effect of including oil and gas was Scott v. Laws, supra, decided in 1919. It is also pointed out that the Pennsylvania rule in force in 1908, as evidenced by Dunham v. Kirkpatrick, 101 Pa. 36, 47 Am.Rep. 696, did not include these substances within that term.

A sufficient answer to that contention is the fact that in the cases in which this court determined that oil and gas were included in the term "mineral rights", there were involved, in most instances, deeds executed prior to 1908. It, therefore, cannot be said that the term had one meaning prior to 1919 and another subsequent to that time.

We also observe that notwithstanding the Pennsylvania rule in effect in 1908, the rule established by the U. S. Supreme Court and in all states in which the question had arisen prior to 1908, except Pennsylvania, was that a conveyance or exception of minerals in a deed, lease, or license included all mineral substances which could be taken from the land. See Hudson v. McGuire, 188 Ky. 712, 223 S.W. 1101, 17 A.L.R. 156; 86 A.L.R. 983.

Even without application of the parol evidence rule, and had we referred to and considered the prior conveyance by Mrs. Lockie Gibson, the result reached would have been the same.

■ The recitation of erroneous circumstances or the reason for an exception does not limit the exception. The court is not concerned with reasons for the exception, but rather, what is the exception. We are not required to determine why Lockie Gibson excepted certain substances. Our concern is, what substances did she

except. The rule is stated in .16 Am.Jur., page 619:

"An exception of a specific part of the subject matter of the grant is effectual to exclude it from the grant notwithstanding an untrue circumstance is recited in relation to the excepted part. Thus, where the grantor 'reserved,' that is, excepted, numbered lots from his grant as 'sold,' it has been held that all the lots were excepted although some had not been sold."

In Bolen v. Casebolt, 252 Ky. 17, 66 S.W. 2d 19, the landowner had granted an option on the minerals, timber and oil on the land. Later he executed a deed excepting " 'The mineral and timber and oil heretofore sold' ". Although the option was not exercised and there was no sale of the mineral, timber and oil, this court held that all were included within the exception.

■ We, therefore, conclude that the recitation in the exception before us that the coal and mineral rights had heretofore been sold was at most only an erroneous recitation of fact and did not limit or restrict the effect of the exception.

Appellee insists that this case is controlled by the opinions of this court in Clements v. Morgan, 307 Ky. 496, 211 S.W.2d 164 and Powell v. Owens, 290 Ky. 108, 160 S.W.2d 383. In the Powell case, the reservation was "the coal and minerals, mining rights and privileges which have heretofore been sold." (Emphasis ours.) There it was concluded that the use of the word "which" restricted the minerals excepted to those which had been conveyed by the previous conveyance. In the Clements case, it may be said that the conclusion there reached would not have been the same had that case been before this court as presently constituted.

The judgment is reversed with the directions to enter a judgment dismissing appellee's petition.

COMBS, J., dissenting.