## Taylor & Crate v. Stacey.

(Decided November 15, 1910.)

### Appeal from Breathitt Circuit Court.

Timber—Boundary of Land Taken From—Title—Possession.—In a controversy over the ownership of timber cut from a certain tract of land which is claimed by another party; Held, that in ascertaining the boundary of a tract of land, the calls as given in the patent or deed, under which it is claimed, must give way to the actual facts as shown by a survey of the land. Where it is shown by the survey that the land in dispute is not within the boundary claimed, and as the claimant or its tenants never had possession or claimed any land not within its patent or deed boundaries, it has no title to nor interest in the timber in dispute taken therefrom.

O. H. POLLARD and EDWARD R. BOSLEY for appellant.

J. J. C. BACH and GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted by appellant, a corporation to recover of Taulbee & Allen $170.00, the value of timber cut from two patent boundaries of land described in the petition, and $50.00 damages. Appellee, S. L. Stacey, filed a petition to be made a party to the action. He denied the ownership of the land by appellant, from which the timber was cut, and alleged that he was the owner thereof and that he sold the trees to Taulbee & Allen.

Appellant, in its petition, set forth two patent boundaries, claimed all the land within both, and alleged that the timber was cut therefrom. One of the patents was issued to Richie & Miller, and contained 250 acres. It was upon this survey that appellant's testimony tended to show that the timber was cut. The other patent boundary is not in litigation.

Appellee alleged and introduced proof tending to show that in the issual of the Richie & Miller patent, a mistake was made by the surveyor in copying the calls; that in one of the calls he wrote "S. 27 E. 290 P.," when it should have been "S. 27 W. 290 P."; that the plat made at the time by the surveyor and filed with the registrar of the land office in Frankfort, showed the error, but the registrar in issuing the patent copied the mistake made by the surveyor in the calls. Appellee filed with his answer a copy of the plat as made by the surveyor and filed in the land office. Appellant introduced several witnesses who testified that the timber cut by Taulbee & Allen was within the patent boundary of the Richie & Miller patent, and showed, without contradiction, that appellant and its vendors, by tenants, resided upon and had had the actual possession of this patent boundary since their purchase from the patentees in 1889, and there is no doubt that if the calls of the Richie & Miller patent calls were run without correction, it would include the land from which the timber was cut. Appellee introduced a plat of the 250 acres referred to and a civil engineer who testified that in running the Richie & Miller patent calls according to the calls, the survey would not close, unless another call was added to the patent, and when this was done the patent would contain about 800 acres instead of 250; that the change of the call in the patent from "S. 27 E. 290 P." to "S. 27 W. 290 P.," would close the boundary and cover the 250

acres named in the patent.  Appellee was one of the chain carriers at the time the Richie & Miller patent was surveyed, and he testified, without contradiction, that the surveyor ran the course of the patent "S. 27 W. 290 P." instead of "S. 27 E. 290 P."    The testimony shows that the land contained in this patent is situated on Clemon's Fork of Buckhorn Creek, that the line reaches the top of the ridge between Clemon's Fork and Cole's Fork, another tributary of Buckhorn Creek, which runs about parallel with Clemon's Fork.  If the alleged mistake in the patent line is corrected and the line confined to the top of the ridge between Clemon's and Cole's Forks, the patent boundary will not include the land from which the timber was removed.  It is further shown by the testimony, without contradiction, that the land on the side of the ridge next to Cole's Fork had never been cleared or enclosed.

Among the instructions given, were two offered by appellee, which are as follows:

"II. If the jury believe from the evidence that the plaintiff was in the actual possession of the land embraced in the patent from the Commonwealth of Kentucky to James Richie and Elijah Miller, at the time the trees complained of in plaintiff's petition were cut, and further believe from the evidence, that said trees were within the boundary enclosed by the true lines of said patent, they will find for the plaintiff such damages, as they believe from the evidence, that it has sustained by reason of the cutting of said trees, not exceeding $170, unless they so believe they will find for defendant.

"III. The possession of the plaintiff is limited to the true boundary line of said patent from the Commonwealth of Kentucky to James Richie and Elijah Miller."

Instruction number four given by the court was offered by appellant, and is as follows:

"Court instructs the jury that if plaintiff had a tenant living within the boundary of the Miller & Richie patent, and claimed the land to the full extent of said patent boundary, said acts constituted possession on part of plaintiff."

Appellant complains of the instructions offered by appellee and given by the court because they confine it to the true lines of the patent, when it should not have been, as it was in possession under the deed of 1889.  Appellant offered the following instruction which was refused, of which it complains:

"The court instructs the jury that if they believe from the evidence that the plaintiff by themselves or tenants were in possession of the land from which the timber was cut at the time defendants entered and cut same, they shall find for plaintiff the sum of $170."

The deed dated 1889 was filed with appellant's amended petition. It purports to give the outside boundary of the two patents which contain 1,425 acres and includes only the land contained in the two patents, and it is so alleged in the amended petition. There is no plat of the land bounded by this deed filed in the record, nor was there a surveyor introduced as a witness who pretended to have surveyed the land as called for in the deed. The calls of the deed tend to show that one of its outside lines follows the dividing ridge between Cole's and Clemon's Fork of Buckhorn Creek. Under these facts, the giving of the refused instruction would not have benefited appellant, as it appears from the record that the true line of the deed is the true line of the patent. It is evident that appellant and its tenants claimed the land to the patent boundary and were under the impression that the boundary included the land from which the timber was cut, and it does if the error in the calls is not corrected. This court has decided, however, that the calls as given in a patent or deed must give way to the actual facts. In this case the facts are that if appellant's line is run as it was by the surveyor at the time of the entry, as shown by the plat filed with the registrar of the land office, the land from which the timber in controversy was cut, is not within appellant's boundary; and as appellant and its tenants never had possession of the land in dispute nor claimed possession of any land not within its patent or deed boundaries, it has no title to nor interest in the timber in dispute.

For these reasons, the judgment of the lower court is affirmed.