# Fordson Coal Company v. Bowling et al.

(Decided March 24, 1931.)

CLEON K. CALVERT and J. G. Bruce for appellant.

J. M. BICKNELL for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Alleging that it was the owner of a certain tract of land in Leslie county, the Fordson Coal Company brought this suit against Ben Bowling and others to restrain them from entering on the land and cutting and removing timber therefrom. Issue was joined by answer, and thereafter an amendment was filed pleading limitation. Before the court ruled on the demurrer to the amendment the case was prepared on its merits. The demurrer to the amendment was then overruled, and, plaintiff having declined to plead further, the petition was dismissed. Plaintiff appeals.

The amended answer to which the demurrer was overruled is as follows:

"Now comes the defendants herein and for an amendment to their original answer, in this cause state as follows, to-wit: The plaintiff's chief effort in this action, as appears from the record, is to change, on the grounds of mistake, the length of the second line in the certificate of survey, of the Bowling and Pennington patent No. 12787, under which plaintiff claims title, from 25 poles to 52 poles. The date of said survey is May 27th, 1848, and the date of issue of said patent is March 20th, 1849.

"They state that the first of plaintiff's mesne grantors under whom it holds, accepted a deed from said patentees in which deed, dated 1890, the length of said second line was stated to be 25 poles and so it was stated in all the deeds following down to the

plaintiff, who acquired title by deed dated March 21, 1923.

"They state that it has been more than ten years since said certificate of survey was made, and more than 80 years, that it has been more than ten years and about forty years since said patentee's first grantee, E. H. Patterson, under whom plaintiff holds, accepted title to said lands, they say that all those under whom the plaintiff holds and the plaintiff itself knew of or had reasonable opportunity to know, or by reasonable diligence could have discovered the said mistake, if there were one, much more than the five years next preceding the filing of this suit, for the reason that said alleged mistake consists simply, as plaintiff contends, in stating 25 poles instead of 52 poles, which is given as the length of the line of the William Bowling survey, along which said Bowling and Pennington line runs its 25 poles.

"The defendants now plead the statute of limitations and rely on that plea as an effective and complete estoppel against the plaintiff's right to have said call changed from what it is set down to be in said certificate of survey of the Bowling and Pennington land."

A brief statement of the facts disclosed by the record is necessary to a proper understanding of the plea of limitation. The source of the coal company's title is the Bowling and Pennington patent dated March 20, 1849, and based on a survey of May 27, 1848. For some distance the calls of this patent coincide with the calls of the William Bowling grant surveyed January 7, 1845, but there is a discrepancy between the second call of the Bowling and Pennington grant and the corresponding call of the William Bowling grant, in that the distance of the former is 25 poles to a beech, while the distance in the latter is 52 poles to a beech. When the Bowling and Pennington grant is so located on the theory that the distance is only 25 poles, there is a vacant space between the two grants, and it is this land that the defendants are claiming under a 50-acre grant to Ben Bowling, surveyed March 2, 1918, and patented June 4, 1918. The first of the deeds in the coal company's chain of title is a deed from Justice Bowling, one of the patentees, to E. H. Pat-

terson, trustee, executed in 1890. The deed conveys all of the grantor's interest in and to a certain tract of land lying on the waters of Rush creek of Middle fork of the Kentucky river, "it being a patent made in the name of Justice Bowling and Levi Pennington, date of survey May 27, 1848, date of patent March 20, 1849, bounded as follows"; Then follows the same description contained in the patent, the second call reading "N 61 E 25 poles to a beech." The second of the deeds is a deed from the heirs of Elihu Pennington, one of the patentees, to Jess Barger, executed in 1890. This deed describes the boundary generally by reference to the patent, and specifically by giving the calls of the patent. However, the third deed from Jess Barger to E. H. Patterson, trustee, executed in 1891, describes the boundary generally by reference to the patent and then by courses and distances. The second call of this deed is "N 63¼ E 52 poles to a point where formerly stood a beech," thus conforming to the distance in the William Bowling grant. The other deeds in the coal company's chain of title described the boundary conveyed by reference to the deed from Barger to E. H. Patterson, trustee, and to the first deed from Justice Bowling to E. H. Patterson, trustee.

The theory of the amended answer is that, before the coal company may recover, it will have to correct the mistake in the patent and deeds, and it is now too late for that to be done. In discussing this question in the case of Hendrickson v. Boreing, 32 S. W. 278, 279, 17 Ky. Law Rep. 737, the court said: "Although plaintiffs ask for correction of a mistake in one call of the patent, it is not indispensible that that be done, because, according to rules repeatedly sanctioned and applied by this court, the patent boundary may be run and fixed so as to cover and include the tract in controversy without reforming the patent as to the call referred to. The statute of limitation is therefore no bar to the right of plaintiffs to maintain this action." In the later case of Patrick v. Spradlin, 42 S. W. 919, 920, 19 Ky. Law Rep. 1038, we said: "It is insisted that, as this error was made nearly 40 years before this controversy arose it cannot be corrected now. This is not a proceeding to correct it. It is an action by Spradlin against Patrick for cutting timber which is embraced in his boun-

dary." The court then went on to hold that, where there is a manifest mistake in the calls of .the patent, the plat and certificate of survey may be referred to for the purpose of determining the boundary. Indeed an examination of the opinions of this court will show that, regardless of time, or an action to reform, the court in locating a patent has never hesitated to correct a mistake in a patent call where the mistake was shown 'by other evidence that could be properly considered. In carrying out this rule we have rejected calls, Pawling v. Merewether's Heirs, Hughes, (1 Ky.) 26; Morriso v. Coghill's Legatee's, Sneed Ky. Dec. (2 Ky.) 322; changed courses to conform to fixed monuments or marked lines, Preston's Heirs v. Bowmar, 2 Bibb, 493; Cowan v. Fauntleroy, 2 Bibb, 261; Kant v. Rice, 55 S. W. .203, 21 Ky. Law Rep. 1365; and lengthened or shortened lines to reach established corners or to close a survey, Simpkins' Adm'rs v. Wells, 42 S. W. 348, 19 Ky. Law Rep. 881.

But the point is made that this rule is not applicable to deeds, but an action to reform is necessary. There are cases of course where the deed on its face does not convey a particular tract of land, and a reformation of the deed is essential to the recovery of the land. But the case before us is not of that kind. Here the deeds refer to and purport to convey the land described in the original patent. In doing this they follow the patent calls, and some of them continue the mistake in the call in question, if there was a mistake. In the circumstances no reason is perceived why in the construction of the deed and the location of the land the corresponding call in the deed, if incorrect, may not be corrected, just as in the case of the original patent. Indeed such has been the uniform holding of this court. Thus, in Creech v. Johnson, 116 Ky. 441, 76 S. W. 185, 25 Ky. Law Rep. 657, it was held that, in construing the description in a deed, the established corners would control the courses and distances. In the following cases a deed was involved and the rule applicable to patents was applied. Brockman v. Rose, 90 S. W. 539, 28 Ky. Law Rep. 673; Asher Lumber Co. v. Duff, 59 S. W. 489, 490, 22 Ky. Law Rep. 956; Magowan v. Branham, 95 Ky. 581, 26 S. W. 803, 16 Ky. Law Rep. 233; Wallace v. Maxwell, 1 J. J. Marsh. 447; Taylor & Crate v. Stacey, 140 Ky. 596, 131 S. W. 491. In the last-mentioned case it was held that, where

a deed in describing land followed the patent which contained a mistake as to one of the calls, the deed and patent would have to give way to the actual facts as shown by the plat filed with the registrar of the land office. In Asher Lumber Co. v. Duff, supra, it was held that a deed to a certain patent boundary, which recites that the boundary is to run "with the degrees and calls of the patent," does not manifest an intention that the usual method of locating patents shall not be followed, and therefore the courses and distances must yield to natural objects. In the recent case of Lovill v. Hatfield, 207 Ky. 142, 268 S. W. 807, 809, we said:

"We do not think the statute of limitations can be invoked, as the matter involved is simply the construction of the deed."

In view of the foregoing authorities, we are constrained to hold that, in construing a patent, or a deed that follows the patent, and fixing the proper location of the land involved, a mistake in a call of the patent or deed may be corrected at any time without reforming the patent or deed, and that the statute regulating the time in which actions for mistake may be brought does not apply. It follows that the demurrer to the plea of limitations should have been sustained.

As the case has not been tried below, we express no opinion on the merits.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.