# Powell et al. v. Owens et al.

March 20, 1942.

Steele & Vanover for appellants.

E. J. Picklesimer for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellants, claiming under a commissioner's deed executed March 3, 1932, asserted title to the oil and gas underlying lands comprised within a tract of 1,396 acres formerly owned by K. B. Elswick in fee simple. On May 10, 1910, Elswick had conveyed the coal underlying the acreage to the Mason Coal & Coke Company, and in 1918 and 1919 had executed deeds conveying to Al Swinney and Tom Owens respectively 571.3 and 227.8 acres of land. The deed to Swinney excepted and reserved from the descriptions "the coal and minerals,

mining rights and privileges which have heretofore been sold," and from the covenant of warranty, the "coal and minerals, rights and privileges heretofore conveyed, which is excepted from this conveyance." The deed to Owens contained a paragraph immediately following the description reading:

> "Excepting and reserving from this conveyance the coal and minerals, mining rights and privileges heretofore sold and conveyed"; and the following words, inserted in the warranty: "subject to the exceptions and reservations made herein as to the coal and minerals and mining rights and privileges."

It appears that Swinney had transferred some portions of the acreage to Jesse Bartley, and that both Swinney and Bartley had died during the pendency of the action. The attempt to revive the action "by agreement" and without process against their "unknown heirs" was ineffectual, and the lessees of the gas and oil, though defendants in the lower court, have not been made parties to this appeal. However, since the Chancellor dismissed the petition because of his conclusion that the appellants acquired no title to the oil and gas, and our views accord with his, no obstacle exists to the disposition of the appeal on its merits.

It is first contended by the appellants that the words quoted from the deeds to Swinney and Owens are susceptible of more than one meaning, and hence, ambiguous; and that the testimony of Elswick and Owens, thus rendered competent, showed that it was the intention of Elswick to convey to Owens and Swinney only surface and timber and to retain the oil and gas which accordingly passed under the commissioner's deed purporting to convey Elswick's title. It is suggested that Elswick purposely used ambiguous language in framing the exceptions and reservations referred to in order to conceal his retention of the oil and gas rights from his creditors, and attention is called to the discrepancies between the recited considerations in the deeds to Swinney and Owens and the testimony as to the actual amounts paid. But we do not think that Owens' testimony bears out appellants' contention that Owens purchased only the surface and timber. If his testimony is susceptible to the construction which appellants place upon it, it was incompetent, as was likewise the testimony of Elswick to which the Court sustained exceptions, since they had

both parted with their titles and there was no ambiguity in the deeds referred to. If properly executed documents may be impeached by the original parties thereto to the detriment of others who have succeeded to their rights in reliance upon the plain meaning of the language employed, there is no security to be acquired through muniments of title. It is only when ambiguity exists that oral testimony may be heard in aid of interpretation, and then only for the purpose of acquainting the Court with the circumstances surrounding the parties and the purposes sought to be accomplished. Blevins et al. v. Riedling et al., 289 Ky. 335, 158 S. W. (2d) 646.

It is next contended by appellants that disregarding the oral testimony, the deeds to Swinney and Owens are still susceptible to the construction that by reserving from the descriptions of the acreage conveyed, and excepting from the covenants of warranty the "minerals," "mining rights," and "privileges" in addition to the "coal," which latter he had previously sold, the grantor intended to reserve to himself all minerals except the previously sold coal. Emphasis is laid upon the use of the plural instead of the singular. But it will be observed from the provisions of the deeds heretofore quoted that the things reserved or excepted are grouped with and follow the word "coal," and that the entire enumeration is immediately followed by the descriptive phrase "which have heretofore been sold" or "heretofore conveyed" or "heretofore sold and conveyed." Obviously, the grantor had no other object in view than to make it clear that he was excepting from the deeds everything which he had previously disposed of so as to limit his warranty to those that were left. At least, we can place no other construction upon the language employed. Had we any doubt as to its meaning, we would be inclined to resolve it in favor of the grantees pursuant to the rule that in cases like this the instrument should be construed most strongly against the grantor and in favor of the grantee. McIntire v. Marian Coal Co., 190 Ky. 342, 227 S. W. 298.

Judgment affirmed.