## Hale et al. v. Hale.

May 23, 1944.

Combs & Combs for appellants.

Joe Hobson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants, the widow and heirs at law of James Hale, instituted this action to have quieted their title to the coal and minerals, with the exception of oil and gas, in a certain tract of land which James Hale had received in a division of his father's estate, or to have the division deed reformed so as to include the specified minerals. The appeal is from a judgment dismissing the petition.

George Hale died testate in April, 1933. He was survived by his wife and six children. The wife died in August, 1933. In September of that year, James, Ellis, Dorcas and the appellee, Henry C., the four children to whom advancements had not been made, met upon their father's lands and agreed upon a division thereof. They then went to the office of B. F. Combs, at Prestonsburg, where the division deeds were prepared. James' share consisted of four separate tracts. The following provisions were inserted in James' deed:

"It is understood by and between the parties hereto that a portion of the coal and hard minerals in the second tract of land above described is embraced in this conveyance but that the coal and hard minerals in the remainder of said tract and in all of the other above described lands have been heretofore sold and conveyed and are not embraced in this conveyance.

"It is further understood by and between the parties hereto that all of the oil and gas in the aforesaid tracts of land have been heretofore leased and are excepted from and not embraced in this conveyance.

"To Have And To Hold said tracts of land, with the exception of the coal and hard minerals and oil and gas that have heretofore been sold and leased as aforesaid, unto the said party of the second part, his heirs and assigns forever, with covenant of general warranty and the said second party by the acceptance of this deed hereby acknowledges full receipt and satisfaction of all of his portion of the real estate descended to the heirs

of said George Hale, deceased." The other three deeds contained a provision excepting the coal and hard minerals and oil and gas rights.

The appellants insist the deed executed to James should be construed as conveying to him the coal and hard minerals in Tract No. 1, while the appellee insists the deed expressly excepts such minerals from its operation. Nothing seems to have been said or done about the coal and hard minerals in question until approximately seven years after the division deeds were executed. At that time the appellants were negotiating for the sale of the coal to parties who were planning developments in the vicinity of Tract No. 1. These parties raised question as to the ownership of the coal and hard minerals. Ellis and Dorcas executed quitclaim deeds to these rights to the appellants, but Henry C. refused to do so; hence this litigation.

We have reached the conclusion the deed can not be construed as contended by the appellants. It may be that all of the parties to the division deeds were under the impression all of the coal rights in the lands of their father, with the exception of part of those in Tract No. 2, had been sold, but the foregoing quotation from the deed says expressly they "are not embraced in this conveyance." We think it is clear from this provision that it was not intended for James' deed to cover the coal and hard minerals in Tract No. 1.

The case of Bolen v. Casebolt, 252 Ky. 17, 66 S. W. 2d. 19, involved a somewhat analogous situation. The deed in that case contained this provision: "The mineral and timber and oil heretofore sold is excepted and not conveyed in this deed." Several years prior to the execution of the deeds which contained that provision, an option had been given on the minerals, timber and oil. This option or contract was not abandoned until after the deeds in question were executed. In holding that the mineral, timber and oil were not included in the deed, this Court said:

" * * * It cannot be doubted that the parties to these conveyances in which the clause of exception appeared intended thereby to exclude from the conveyance the minerals, oil, gas, and certain timber therefrom. The use of the words 'heretofore sold' was a mere description of this mineral, oil, and timber, and was not intended

as limiting the estate reserved. This mineral, oil, and timber had been optioned to the coal company. The description of such mineral, oil and timber as that heretofore sold was inaccurate, but the intent was plainly to except from the conveyance the mineral, timber, and oil which was the subject of the negotiations with the coal company, and which in fact comprised certain branded timber and all the mineral and oil under the land. The exception in the deed would have been meaningless if the parties intended to except only such mineral and timber as had been sold for none had been sold. * * * ''

The appellants place stress upon the last sentence in the foregoing quotation from the Bolen opinion in attempting to distinguish that case from the one at bar; but the opinion expressly holds that the words, ''heretofore sold,'' merely described the minerals, oil and timber, and were not intended as limiting the estate reserved. We think it is significant also that James' deed conveyed to him the coal and hard minerals in Tract No. 2 which had not been sold. Had the parties intended to convey to him all coal and hard minerals which had not been sold by George Hale, it would have been a simple matter to have so provided in his deed.

We turn now to the question of whether the appellants are entitled to a reformation of the deed. Before a reformation of a deed may be had the proof must be clear and convincing and established beyond a reasonable doubt. Struve v. Lebus, 281 Ky. 407, 136 S. W. 2d 554; Sutton v. Noe, 289 Ky. 657, 159 S. W. 2d 997. The attorney who prepared the division deeds testified it was his understanding that all of the lands of George Hale were being divided, including the unsold coal and minerals, but excepting the oil and gas, and the erroneous statement that the coal and minerals in Tract No. 1 had been sold was inserted in the deed because that was his impression. The two quitclaim deeds, taken alone, would indicate that Ellis and Dorcas thought James was to get the coal and hard minerals in Tract No. 1, but these parties testifed in support of the claim of the appellee. In brief, the testimony for the appellee was to the effect that only the surface was being divided and all minerals, except those expressly conveyed to James, were to be excepted and held in common. There was some evidence also showing that some of the parties thought a separate agreement to hold the minerals jointly had been signed at

the time the division deeds were excluded, but no such instrument could be found. While the testimony of Ellis and Dorcas is not as satisfactory as it could be, we think the appellants failed to bring forth clear and convincing proof in support of their effort to have the deed reformed.

It follows, therefore, that we are of the opinion the judgment should be and it is affirmed.