Sylvester YUNKER'S CO-EXECUTORS
(Central Trust Co. and Milton S.
Yunker) et al., Appellants,

v.

A. G. MASON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 11, 1955.

Will Tom Wathen, Morganfield, for appellants.

J. D. Ruark, Simpson & Ruark, Tom D. Harris, Morganfield, for appellees.

CAMMACK, Judge.

This is an appeal from a judgment which quieted the title of the appellees, as against the claim of the appellants, to oil and gas underlying 200 acres of land in Union County. The appellants claim as successors in interest to the grantees of an 1856 mineral deed covering the property concerned. The appellees are successors in interest to the grantor of that deed.

In the granting clause of the deed in question, there was conveyed "one undivided half of all the minerals such as coal, lead and salt and the mining privileges under the surface of * * * (the) land." The habendum clause contained the following provisions:

"To have and to hold one undivided half of all the minerals and mining privileges under the surface of said 200 acres of land * * * and said Branham (the grantor) agrees to warrant the same and to give said party's (sic) of the second part free ingress and egress to said land to mine and develop the mineral under the surface thereof and also the right of way for a railroad across said land for mining purposes if necessary."

The trial court concluded that the deed did not convey any interest in the oil or gas underlying the land. The appellants contend that when the deed is construed in its entirety it is clear that the parties intended to convey an interest in all the minerals under the property. They emphasize our previous holdings that the word "minerals" includes oil and gas, See Sellars v. Ohio Valley Trust Co., Ky., 248 S.W.2d 897, and further contend that a deed should be construed most strongly against the grantor.

Whether the deed in question conveyed an interest in the underlying oil or gas must be determined by ascertaining the intent of the parties to the deed. This Court is committed to the rule of construction that the intention of the parties is to be gathered from the instrument as a whole. Easley v. Melton, Ky., 262 S.W.2d 686. Hence, each case must depend upon the language used in the particular instrument.

The majority of this Court, not including the writer of this opinion, think

the instant deed reveals that the parties intended to convey only hard minerals. The granting clause specified "all the minerals such as coal lead and salt." While the habendum clause refers to "all the minerals" the majority of the Court concludes that the latter refers only to the minerals of the type conveyed by the granting clause. In addition, the deed gave a railroad right of way if necessary "for mining purposes." At the time this deed was made railroads, where available, were used frequently in mining hard minerals.

The judgment is affirmed.