**J. E. HOSBACH et al., Appellants,**

v.

**J. A. HEAD et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

———◆———

Simpson & Ruark, Morganfield, for appellants.

Will Tom Wathen, Morganfield, William L. Mitchell, Evansville, Ind., King & Craig, Henderson, Byron, Sandidge & Holbrook, Owensboro, for appellees.

CLAY, Commissioner.

This action to quiet title involves the proper construction of an exception in a deed. The bone of contention is the right to gas and oil underlying the tract involved.

In 1919 the owner, one R. L. Head, conveyed fee simple title to the property. After the description appears the following:

"The *coal rights* under this land is not conveyed with this deed *as same was sold by R. L. head to henry Walker as of record in deed book 61 at page 539.*" (Our emphasis.)

The habendum clause contained the following:

> "With covenant of general warranty of title, except as to the coal *and mineral rights, which do not pass under this conveyance.*" (Our emphasis.)

The only prior conveyance of an interest in the land was a deed of the coal rights to Henry Walker, which is expressly referred to in the exception. It is admitted that "mineral rights" include oil and gas. The question is whether or not the grantor retained these rights in addition to the coal. The Chancellor decided this question in the affirmative.

In the construction of a deed of this sort, three governing principles must be kept in mind. The first is that the instrument must be read as a whole. The second is that the language must be construed without reference to extrinsic evidence unless it is so ambiguous or obscure in meaning as to defy interpretation. Gibson v. Sellars, Ky., 252 S.W.2d 911, 37 A.L.R.2d 1435. The third is that the instrument should be construed most strongly against the grantor and in favor of the grantee. Powell v. Owens, 290 Ky. 108, 160 S.W.2d 383; Eastham v. Church, 310 Ky. 93, 219 S.W.2d 406.

It is clear that in the granting part of the deed nothing was excepted but coal rights which had theretofore been conveyed by a particular deed, specifically referred to and identified. In the warranty clause more general language is used, and reference is made to "mineral rights". If the warranty provision had stopped there, it may have been extremely difficult to determine exactly what was intended. However, the deed recites that the warranty does not extend to "coal and mineral rights, *which do not pass under this conveyance*". (Our emphasis.)

What coal and mineral rights do not pass under this conveyance? Necessarily we are forced to examine the preceding provisions in the deed. Such examination shows that the only rights which do not pass under this deed are the coal rights theretofore sold by the grantor to Henry Walker. The apparent ambiguity in the general language of the warranty clause is thus cleared up by reference to the specific language of the exception.

This construction is similar to that in Powell v. Owens, 290 Ky. 108, 160 S.W. 2d 383. In that case a deed excepted " 'the coal and minerals, mining rights and privileges which have heretofore been sold' * * *." It was held that the exception was limited to the *coal* theretofore conveyed, and did not relate to any *other minerals* because no other minerals had been sold. In the recent case of Yunker's Co-Executors v. Mason, Ky., 284 S.W.2d 98, we held that where a deed had conveyed minerals " 'such as coal lead and salt' ", a subsequent provision in the habendum clause referring to " 'all the minerals and mining privileges' " was limited to hard minerals theretofore described in the deed. In other words, as in the case before us, a general provision in the latter part of a deed was restricted by a more specific provision in the granting part of the deed.

Appellees rely upon Gibson v. Sellars, Ky., 252 S.W.2d 911, which we think clearly distinguishable. In the deed there considered was a recitation that coal and mineral rights had been theretofore sold and were not intended to be conveyed. The grantor had theretofore only conveyed the coal. We held that the erroneous recitation that mineral rights had theretofore been sold did not limit the exception to coal. One of the grounds of this ruling was that to so limit the exception would have required resort to extrinsic evidence.

In the Gibson case there was general reference to a prior sale or sales; in the present case there is a specific reference. In the Gibson case it would have been necessary to introduce evidence to ascertain the scope of the exception; in the present case the scope of the exception appears specifically on the face of the deed.

Considering the language used, and applying the principles stated earlier in this opinion, we believe the deed before us must

be construed to except only the coal rights theretofore conveyed to Henry Walker.

The judgment is reversed with directions to enter a judgment consistent with this opinion.

CAMMACK, J., dissents.