**Spariel BARTLEY et al., Appellants,**

v.

**Johnnie ROWE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 10, 1961.

E. N. Venters, Charles E. Lowe, Pike-ville, for appellant.

Francis D. Burke, Francis M. Burke, Henry D. Stratton, Pikeville, for appellee.

CULLEN, Commissioner.

In 1922, A. M. Gibson, predecessor in title to the appellants, conveyed a ten-acre tract of land to Ferman Bartley, predecessor in title to the appellees. The granting clause of the deed contained this exception:

"coal and minerals excepted which is sold."

As a matter of fact there had been no effective conveyance of the mineral rights prior to the date of this deed. The lower court held that the words "which is sold" were *restrictive* and since no mineral rights previously had been sold the minerals passed to Bartley and to the appellees as his successors in title. The appellants maintain that the words were merely *descriptive* and that the exception clause was effective to except all of the mineral rights, which thereafter passed to the appellants through mesne conveyances.

The following cases are of significance on the question: Bolen v. Casebolt, 252 Ky. 17, 66 S.W.2d 19; Powell v. Owens, 290 Ky. 108, 160 S.W.2d 383; Hale v. Hale, 297 Ky. 631, 180 S.W.2d 857; Clements v. Morgan, 307 Ky. 496, 211 S.W.2d 164; Gibson v. Sellars, Ky., 252 S.W.2d 911, 37 A.L.R.2d 1435; and Hosbach v. Head, Ky., 284 S.W. 2d 684. Trouble arises because these cases are not completely reconcilable.

The cases are consistent on at least one point, namely, that an exception is not limited or made ineffective by the mere fact that a recitation of a previous sale or conveyance of the thing excepted is erroneous. So the fact that the coal and minerals had not been sold at the time of the Gibson-Bartley deed would not of itself prevent the exception from being effective.

In Bolen v. Casebolt the language of the exception was, "the mineral and timber and oil heretofore sold is excepted." [252 Ky. 17, 66 S.W.2d 19.] Actually there had been no previous sale. The court held that the qualifying words in the exception clause were merely *descriptive* and that there was an effective exception of all the mineral, timber and oil.

In Hale v. Hale the granting clause recited that "the coal and hard minerals * * * have been heretofore sold and conveyed and are not embraced in this conveyance." [297 Ky. 631, 180 S.W.2d 858.] The habendum clause read, "to have and to hold said * * * land with the exception of the coal and hard minerals * * * that have heretofore been sold * * *." The court held that the exception was not restricted to such of the coal rights as had in fact been theretofore sold.

In Gibson v. Sellars the exception clause was: "It is expressly understood * * * that the coal and mineral rights * * * have been heretofore sold * * * and are expressly excluded." [252 S.W.2d 911.] In fact only the coal rights had previously been sold. It was held that the words referring to previous sale were merely *descriptive* and that the oil and gas rights, which had not previously been sold, were excepted the same as the coal rights that had been sold.

In Hosbach v. Head the granting clause recited that "the coal rights * * * is not conveyed * * * as same was sold by R. L. Head to Henry Walker as of record in Deed Book 61, page 539." The habendum clause contained a covenant of warranty "except as to the coal and mineral

rights which do not pass under this conveyance." The court held that the habendum clause must be read with the granting clause and when so read the meaning was clear that the only mineral rights excepted were the coal rights conveyed by the prior deed referred to; and that by making reference to a specific prior conveyance the exception was made *restrictive*.

The latter four cases are consistent. The inconsistency arises in connection with Powell v. Owens and Clements v. Morgan.

In the Powell case there were two deeds. One excepted "the coal and minerals, mining rights and privileges *which have* heretofore been sold (our emphasis)." The second deed excepted "the coal and minerals, mining rights and privileges heretofore sold and conveyed." The court seemed to attach no significance to the difference in wording in the deeds, and held that the references to previous sale in both deeds were *restrictive*, so that nothing was excepted but such coal rights as had previously been sold. It will be observed that the language of the second deed is almost identical with that of the deed involved in Bolen v. Casebolt, so the two cases are wholly irreconcilable.

In Clements v. Morgan the language was, "and the coal and mineral privilege is hereby reserved having heretofore been sold." [307 Ky. 496, 211 S.W.2d 166.] Actually, only the coal rights had previously been sold, and the court held that the deed was not effective to except the oil and gas rights. This was on the basis that the reference to previous sale was *restrictive*. In Gibson v. Sellars the court said with reference to the Clements case that "the conclusion there reached would not have been the same had the case been before this court as presently constituted."

To say, as was done in the Clements case, that the words "having heretofore been sold" are words of restriction is to flout the ordinary meaning of language. The words simply add a descriptive fact about the mineral rights and in no sense are

capable of the meaning that *only so much* of the rights as have been sold are reserved. The Clements decision is not sound.

As concerns the Powell case, it is contended by the appellees that it is sound, and distinguishable from the other cases above discussed, at least with respect to the first of the two deeds therein involved, in which the exception was of the minerals "which have heretofore been sold;" and that the case is controlling here because the deed here also uses the word "which." This is on the theory that "which" is a *restrictive* word.

It is true that "which" often is used in a restrictive sense, but more properly its use is for descriptive purposes, to introduce a new fact about the antecedent. State of Tennessee v. Bank of Commerce, C.C., 53 F. 735. When a restriction is intended, "that" is more regularly used. Oxford English Dictionary. So to the extent that the Powell case may be interpreted as authority for the proposition that "which" is necessarily or even preferably a restrictive word we do not consider it sound.

As hereinbefore noted, the language of the second deed in the Powell case was almost identical with that in the Bolen case, the exception being of "the" mineral "heretofore sold." Obviously, this language could be construed as excepting *only* the minerals theretofore sold, and in the Powell case it was so construed. However, in the Bolen case it was construed as being merely descriptive.

It becomes apparent that the conflict between the Powell case and the other cases above discussed is attributable to a difference in interpretation *attitude*. (This conflict actually exists as to the language in both of the deeds involved in the Powell case, because the court in that case attached no significance to the word "which" in the first deed, but treated the language of the two deeds as being synonymous.) It seems that in the Powell case the court took

the attitude that exceptions should not be favored but should be strictly construed, while in the Bolen case the attitude was that the exception should be accorded as full a meaning as its language would permit.

Of course the real question is: What did the parties intend? The answer to the question should not depend upon arbitrary interpretative policies.

We think the answer should be sought through a consideration of the purposes that could be accomplished by the exception. It seems that there could be only two alternative purposes. One would be to exclude the excepted minerals from the *conveyance* so that they would not pass to the grantee. The other would be to exclude them merely from the warranty, so that they would pass to the grantee but without warranty.

If the grantor thinks that the minerals have been sold (when in fact they have not) or if the title to the minerals is in question, which was the situation in the Bolen case and is the one in the instant case, the only purpose the grantor could accomplish by excepting only the minerals that actually have been sold would be to absolve himself from a *warranty* as to them. The normal way to do this would be by placing an exception in the *warranty* clause. When an exception is placed in the *granting* clause we think the normal intent would be to *reserve something* to the grantor. The only thing he possibly could reserve would be the minerals that have not previously been conveyed. His intent must be considered to be that whatever title he might possibly have to the minerals, no matter how weak, he intends to keep. So it is our opinion that when an exception of minerals is placed in the granting clause it should not be construed as a limited or restricted exemption unless the language is clearly and positively restrictive.

The same reasoning will apply to the situation where *some* of the minerals previously have been sold, and the question is

whether the grantor intended to except only those. The only thing he possibly could reserve to himself would be the minerals *not sold,* so an exception in the granting clause normally would be intended to exclude them from the grant.

By way of recapitulation or summary, we say that in our opinion the phrase "which is sold," in the deed here in question, is not clearly restrictive, either in the pure grammatical sense or in any common colloquial sense; the grantor obviously intended to reserve something to himself and the only thing he could reserve was so much of the minerals as had not previously been conveyed; and the fact that none of the minerals actually had previously been conveyed does not prevent the exception from being effective. To the extent that they are inconsistent with the view here expressed the Powell and Clements cases are overruled.

The judgment is reversed with directions to enter judgment in conformity with this opinion.