**Henry J. MIRICK et al., Appellants,**

v.

**Lucy HENDRICKSON et al., Appellees.**

Court of Appeals of Kentucky.

June 1, 1962.

W. J. Stone, Lester L. Parrott, Pineville, for appellant.

Robert R. R. Boone, Pineville, for appellee.

STANLEY, Commissioner.

The hinge upon which this action turns is the construction of an exception or exclusion contained in a deed.

In May, 1917, John Hendrickson executed a mineral lease of a certain parcel of land to J–B Blue Gem Coal Company. It was recorded in Lease Book No. 5, page 493, in the office of the Bell County Court Clerk. On September 16, 1929, George B. Hendrickson, successor in title of John Hendrickson, made a contract of sale and transfer of an interest in the lease, or of a right thereunder, to Clyde Creech and L. S. Creech. On April 17, 1944, Hendrickson and wife deeded the tract of land which embraced the leased parcel to Henry J. Mirick and Tina Mirick. The deed contained this paragraph:

"It is also understood by all the parties concerned in this transaction an exception is made to a lease as recorded in lease book 5 page 493 and that the party of the first part does not transfer to the party of the second part any of the properties as covered by this lease, and it is further understood by the parties concerned in this action that a certain contract exists between Geo B. Hendrickson and Doc and Lee Creech with respect to the Dean Seam of Coal and that the party of the first part does not transfer to the party of the second part any of the properties as covered by this contract."

The appellants, Henry J. and Tina Mirick, maintain that this exception was only of the contract of sale and royalty payments under the lease, and that fee simple title to the land was included in their deed subject to the terms of the lease and contract. The appellees, Hendrickson's widow and heirs, maintain that the exception was not limited to the operation of the mineral lease and contract and that the title to the covered parcel remained in the grantor and descended to them.

The circuit court construed the exception as being of title to the property rather than of the grantor's right as lessor of the mineral lease. We think that is the proper construction of the exception. It expressly says that the grantor "does not transfer * * * any of the properties" covered by the lease and "does not transfer * * *

any of the properties covered by the Creech contract." We think the word "properties" should be given its generic meaning as comprehending and including every interest in the land described in the mineral lease and contract. Even the singular number, "property," signifies all things owned or subject of ownership. See Raydure v. Board of Supervisors, 183 Ky. 84, 209 S.W. 19. The use of the plural number of the word in the exclusion from the conveyance accentuates that meaning. The case of Hosbach v. Head, Ky., 284 S.W.2d 684, relied upon by the appellants, is clearly distinguishable. The exception in the deed construed in that case was of "coal and mineral rights" and not of the "properties" described in the conveyance.

The judgment states that it is final as to the determination of the ownership of the disputed property and reserves for later adjudication other claims which seem to be dependent upon the settlement of the dispute as to the title. CR 54.02.

The judgment is affirmed.