**Lucye BROWN et al., Appellants,**

**v.**

**James E. BROWN et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

As Modified on Denial of Rehearing
June 24, 1966.

Donan & Vick, Robert E. Vick, Greenville, for appellant.

Jarvis, Cornette, Payton & Paxton, William E. Payton, Greenville, for appellees.

WILLIAMS, Judge.

This action was brought by James E. Brown and his wife to quiet title in the oil and gas rights in an 84-acre tract of land in Muhlenberg County against the James H. Brown, Jr., heirs and the W. S. McDonald heirs. The pleadings created the issue as to which of the three sets of party litigants owns the oil and gas rights in the tract of land. The W. S. McDonald heirs and James E. Brown and wife signed an indenture agreement whereby it was stipulated that each of these party litigants owned one-half of the oil and gas rights. These two parties filed a joint motion for summary judgment which was sustained by the trial judge.

We are primarily concerned with three deeds: 1) In 1906 W. S. McDonald, owning fee simple title to the surface and minerals, conveyed the coal rights to Bassett; 2) On January 19, 1907, W. S. McDonald

conveyed the property to James H. Brown, Jr. by deed, with the following reservation in the granting clause:

"* * * and it is allso (sic) understood that the mineral under the aforesaid land is sold and deeded to another party with all the privilidges (sic) stated in said mineral deed."

3) On September 30, 1907, James H. Brown, Jr. conveyed the property to Midland Townsite Company by deed, with the following language appearing in the granting clause:

"* * * and there is also reserved the mineral and mining rights under the said tract, they having been conveyed by a former deed."

The joint appellees (W. S. McDonald heirs and James E. Brown and wife) claim title to the oil and gas rights through either the reservation clause in the deed from McDonald to James H. Brown, Jr., or through the chain of title from Midland Townsite Company.

The main issue on this appeal is whether the language in the granting clause in the deed from McDonald to James H. Brown, Jr., "* * * it is allso (sic) understood that the mineral under the aforesaid land is sold and deeded to another party with all the privilidges (sic) stated in said mineral deed," reserved to the grantor (McDonald) *all* the minerals or only the coal rights which had been previously sold.

■ Appellees contend that the reservation in the deed from McDonald to James H. Brown, Jr. was an effective reservation of *all* the minerals and not just the coal which had been conveyed previously. That contention is correct. The following cases are controlling on this issue: Bartley v. Rowe, Ky., 343 S.W.2d 140 (1961); Kelley v. Haas, Ky., 262 S.W.2d 687 (1953); Gibson v. Sellars, Ky., 252 S.W.2d 911, 37 A.L.R.2d 1435 (1952); Bolen v. Casebolt, 252 Ky. 17, 66 S.W.2d 19 (1933); and the language used in Hosbach v. Head, Ky., 284 S.W.2d 684 (1955). Language in Bartley v Rose, supra, applies exactly on point to the instant case:

"* * * So it is our opinion that when an exception of minerals is placed in the granting clause it should not be construed as a limited or restricted exemption unless the language is clearly and positively restrictive."

In the case at bar, the language does not meet the test of being clearly or positively restrictive. Here the "* * *" words simply add a descriptive fact about the mineral rights and in no sense are capable of the meaning that only so much of the rights as have been sold are reserved." Bartley v. Rowe, supra, at p. 142. "The only thing he (grantor McDonald) possibly could reserve to himself would be the minerals *not sold*, so an exception in the granting clause normally would be intended to exclude them from the grant." Bartley v. Rowe, supra, at p. 143.

■ Appellants argue that the trial judge was in error in sustaining appellees' (James E. Brown and the McDonald Heirs) motion for summary judgment. There is no merit in this contention as there was no genuine issue as to any material fact, and the moving parties (appellees) were entitled to judgment as a matter of law. CR 56.03. Appellees had originally tried to sustain their title by proving adverse possession, but due to the finding of the court that the deed to James H. Brown, Jr. contained a reservation of all minerals, adverse possession was not a material issue. The only issue was the effect to be given the conveyances in the chain of title to the 84-acre tract. There is no requirement that the trial judge make findings of fact and conclusions of law on decisions for summary judgment under CR 56.

The trial court did not abuse its discretion in the assessment of costs.

The judgment of the trial court is affirmed.