**V. P. NOFFSINGER et al., Appellants,**

**v.**

**James E. BROWN et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

3. Lipps v. Turner, 164 Ky. 626, 176 S.W.2d 42, 44 (1915).

---

Donan & Vick, Greenville, Robertson & Robertson, Owensboro, Harold M. Streets, Central City, for appellants.

William E. Payton, Jarvis, Cornette & Payton, Greenville, for appellees.

DAVIS, Commissioner.

Appellants, as heirs at law of Peter S. Noffsinger, brought this action to quiet their claimed title to all minerals except coal underlying about 192 acres of land. The appellees hold the record title to the surface of the land, and assert their ownership of all of the minerals. (There is no controversy as to the coal rights.) Summary judgment was entered sustaining the claim of the appellees. Solution of the case involves construction of certain "exceptions" or "reservations" in three deeds in the title chain.

By deed dated February 21, 1906, Peter S. Noffsinger and wife conveyed to Elijah Bassett the coal rights in the property with which we are concerned. The trial court found, and the litigants recognize, that the deed to Bassett conveyed only coal rights—not oil and gas.

On November 29, 1907, Noffsinger and his wife conveyed the 192 acres (described in two tracts) to Midland Townsite Company. In this deed, which we shall designate as Midland Deed No. 1, the grantors made specific reference to an easement theretofore granted, and reserved a de-scribed boundary of five acres as a homesite. In addition to these stated exceptions from the conveyance, the deed contained this language:

"The coal and mineral rights under both of the above described tracts of land are reserved, they having been convey (sic) by a former deed."

On November 30, 1908, the Noffsingers conveyed to Midland Townsite Company the five acres which they had reserved as a homesite in Midland Deed No. 1. This Midland Deed No. 2 contained the following language:

"The coal, and mineral and mining rights in and to the tract of land herein conveyed are reserved, they having been conveyed by a former deed."

The position of the appellants (Noffsinger heirs) is that their ancestor did not convey the oil and gas rights by either of the Midland deeds, hence those rights were never conveyed to anyone, and therefore passed to them by inheritance. Appellees take this view, as expressed in an able brief filed in this court:

"Appellees maintain that Appellants' ancestor, Peter S. Noffsinger, did not intend and did not except unto himself any interest in the mineral by the above quoted language. Appellees assert that the language was used for the purpose of absolving and protecting the grantor as to any warranty of the mineral in and underlying the property conveyed."

As recently as Brown v. Brown, Ky., 404 S.W.2d 286, this court dealt with the same question which is presented in this appeal. It would serve no useful purpose to reiterate what has been written in the Brown case and the precedents listed in that opinion. It is our view that the expressions in the two Midland deeds "They having been conveyed by a former deed" were merely descriptive—not restrictive. The fact that the "former deed," the Bassett deed, had served to convey only the

coal rights, is not sufficient to restrict the reservations to coal rights.

In light of Gibson v. Sellars, Ky., 252 S.W.2d 911, 37 A.L.R.2d 1435, and decisions before and after it, we are unable to say that there is any ambiguity in the language employed by the grantors in the Bassett and Midland deeds. As stated in Gibson:

"Applying the definition so often adopted by this court, we conclude that the term 'coal and mineral rights' has a definite and certain meaning which includes oil and gas." Id. 252 S.W.2d at 913.

The judgment is reversed with directions to enter a new judgment consistent with this opinion.